[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 553.]

HOLLOWAY, APPELLANT, *v.* CLERMONT COUNTY DEPARTMENT OF HUMAN
SERVICES ET AL., APPELLEES.

[Cite as *Holloway v. Clermont Cty. Dept. of Human Serv.*, 2001-Ohio-1282.]

*Juvenile law—Custody—Habeas corpus sought to regain custody of relator's
children—Dismissal of petition by court of appeals affirmed.*

(No. 01-420—Submitted July 17, 2001—Decided August 15, 2001.)

APPEAL from the Court of Appeals for Clermont County, No. CA2000-11-085.

_____

*Per Curiam.*

{¶ 1} Appellant, Sammye Holloway, is the biological mother of two minor children, T.J. and John. On June 16, 1993, the Clermont County Court of Common Pleas, Juvenile Division, granted permanent custody of the children to appellee Clermont County Department of Human Services ("CCDHS"). In February 1995, Holloway filed a motion in the juvenile court to set aside the June 1993 award of permanent custody. In August 1995, the juvenile court overruled Holloway's motion.

{¶ 2} On appeal, however, the court of appeals reversed the juvenile court's judgment because service by publication of CCDHS's motion for permanent custody on Holloway was defective, *i.e.*, it did not contain her last known address. The court of appeals further ordered that on remand, the juvenile court set aside its permanent custody order and "obtain proper service of process upon [Holloway] before conducting a hearing on the merits."

{¶ 3} In 1996, Holloway filed a petition in the court of appeals for a writ of habeas corpus to regain the custody of her children. In January 1997, the court of appeals denied the writ, finding that Holloway had an adequate legal remedy under the court's previous remand order. On appeal, we affirmed the denial of the writ.

*Holloway v. Clermont Cty. Dept. of Human Serv.* (1997), 80 Ohio St.3d 128, 684 N.E.2d 1217.

{¶ 4} In 1999, Holloway filed a second petition for a writ of habeas corpus in this court, which we dismissed. *Holloway v. Clermont Cty. Dept. of Human Serv.* (1999), 86 Ohio St.3d 1487, 716 N.E.2d 720.

{¶ 5} In November 2000, Holloway filed a third petition for a writ of habeas corpus, this time in the Court of Appeals for Clermont County. Holloway named CCDHS and Patrick and Judy Trader, the custodians of the children, as respondents. The entirety of her petition contained the following allegations:

"1.   The petitioner is the natural mother of T.J. Holloway and John Holloway, minors.

"2.  The petitioner is entitled to the custody of said T.J. Holloway and John Holloway.

"3.  The above-named respondents have confined T.J. Holloway and John Holloway at said address and are unlawfully restraining their liberty and are unlawfully depriving petitioner of the custody to which she is entitled.

"4.  The underlying order has been determined to be void [see attached]; and the Court has no jurisdiction to issue the order depriving the petitioner of custody."

{¶ 6} Holloway attached to the petition copies of the August 1995 juvenile court judgment overruling Holloway's motion to set aside the permanent custody order, the 1996 opinion of the court of appeals reversing the 1995 juvenile court judgment and remanding the cause to that court, the January 1997 court of appeals judgment denying Holloway's first petition for a writ of habeas corpus, and our October 1997 judgment entry affirming the judgment of the court of appeals. Holloway also filed a motion for a stay of a November 3, 2000 probate court proceeding regarding the custody of the children.

**{¶ 7}** Appellees filed a motion to dismiss the petition, claiming that *res judicata* barred Holloway's successive filing of habeas corpus petitions.

**{¶ 8}** In January 2001, the court of appeals granted appellees' motion and dismissed the petition. Although the appellate court determined that the underlying permanent custody award was void because Holloway was not properly served, it declined to speculate what effect this had on a 1994 adoption concerning the children and ruled that Holloway had an adequate legal remedy by filing a Civ.R. 60(B) motion with the probate court to vacate the adoption.

**{¶ 9}** In her appeal of right, Holloway asserts that the court of appeals erred in dismissing her habeas corpus petition. For the following reasons, we affirm the judgment of the court of appeals.

**{¶ 10}** In order to avoid dismissal, Holloway was required to state with particularity the extraordinary circumstances entitling her to a writ of habeas corpus. *Chari v. Vore* (2001), 91 Ohio St.3d 323, 328, 744 N.E.2d 763, 769. "Unsupported conclusions contained in a habeas corpus petition are not considered admitted and are insufficient to withstand dismissal." *Id.*, citing *State ex rel. Carrion v. Ohio Adult Parole Auth.* (1998), 80 Ohio St.3d 637, 638, 687 N.E.2d 759, 760.

**{¶ 11}** Holloway's petition contains unsupported conclusions, *i.e.*, she is entitled to custody and the trial court lacks jurisdiction to deprive her of custody, rather than specific facts supporting her claim for extraordinary relief.

**{¶ 12}** Moreover, *res judicata* bars Holloway from filing successive habeas corpus petitions. See *State ex rel. Childs v. Lazaroff* (2001), 90 Ohio St.3d 519, 520-521, 739 N.E.2d 802, 803, and cases cited therein. Although she claims that *res judicata* does not bar her third petition because it involves facts and circumstances that arose following her previous habeas corpus cases, she did not allege these additional facts and circumstances with the requisite particularity in her habeas corpus petition. In fact, the allegations and attachments to her petition

merely restated the claims of her previous habeas corpus actions. She did not incorporate the facts and allegations contained in her other filings, *e.g.*, her motion to stay, in her petition, nor did she seek to amend her petition to include these facts.

**{¶ 13}** Based on the foregoing, we affirm the judgment of the court of appeals dismissing Holloway's habeas corpus petition. In so holding, we note that the underlying dispute has engendered a lengthy history of litigation in both state and federal courts. See, *e.g., Holloway v. Brush* (C.A.6, 2000), 220 F.3d 767, 782-784 (Clay, J., dissenting). We agree with the Court of Appeals for Clermont County that the "best interest[s] of all involved, especially the children, will be served if this matter is ended as quickly as possible" and join that court in urging the parties to "use their best efforts to put an end to this matter with all reasonable speed."

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

––––––––––––––––––

*Donna S. Rose*, for appellant.

*Donald W. White*, Clermont County Prosecuting Attorney, and *Elizabeth Mason*, Assistant Prosecuting Attorney, for appellee Clermont County Department of Human Services.

––––––––––––––––––