[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 430.]

RAMMAGE, APPELLANT, *v.* SAROS, EXEC. DIR., APPELLEE.

[Cite as *Rammage v. Saros*, 2002-Ohio-6669.]

*Habeas corpus sought to compel Franklin County Children Services Executive Director to release relator's dependent child from its temporary custody— Court of appeals' denial of writ affirmed, when.*

(No. 2002-1250—Submitted November 13, 2002—Decided December 13, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 02AP-216, 2002-Ohio-3251.

_____

**Per Curiam.**

{¶1} Appellant, Rebekah Rammage, is the biological mother of Sheldon, a minor child born on November 23, 2001. On December 10, 2001, a complaint was filed in the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, alleging that Sheldon was a dependent child and requesting that temporary custody of Sheldon be awarded to Franklin County Children Services ("FCCS").

{¶2} The dependency complaint contained allegations that Sheldon's two older siblings had been placed in foster care when "sexual abuse issues were indicated," that on November 25, 2001, Rammage and Sheldon's biological father signed a 30-day agreement granting the agency temporary custody of Sheldon, and that Rammage had not completed classes concerning sexual abuse that she had agreed to attend.

{¶3} Rammage moved to dismiss the dependency complaint because (1) the complaint failed to state sufficient facts and (2) R.C. 2151.04(C) is unconstitutional.

{¶4} At a January 4, 2002 hearing, the juvenile court magistrate denied Rammage's motion and granted temporary custody of Sheldon to FCCS. The

magistrate found that continued placement of the child in his home was contrary to his welfare and best interest and that reasonable efforts had been made to prevent the child's removal from his home. The magistrate ordered that Rammage undergo a psychological evaluation, that there be supervised visitation between Sheldon and his parents, and that the matter be set for further hearing on March 5, 2002.

{¶5} On February 25, 2002, Rammage filed a petition in the Court of Appeals for Franklin County for a writ of habeas corpus to compel appellee, FCCS Executive Director John Saros, to release Sheldon to Rammage's custody. In her petition, Rammage again claimed that the dependency complaint contained insufficient facts and that R.C. 2151.04(C) is unconstitutional.

{¶6} On March 20, 2002, a court of appeals magistrate issued a decision recommending that the court deny the writ. On June 25, 2002, the court of appeals overruled Rammage's objections to the magistrate's decision and denied the writ.

{¶7} This cause is now before the court on Rammage's appeal as of right.

{¶8} Rammage is not entitled to the requested extraordinary relief in habeas corpus.

{¶9} She has or had adequate legal remedies in the ordinary course of law to raise her claims. " '[H]abeas corpus, like other extraordinary writ actions, is not available when there is an adequate remedy at law.' " *In re Coleman*, 95 Ohio St.3d 284, 767 N.E.2d 677, at ¶ 4, quoting *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 383, 667 N.E.2d 1194. This principle applies equally to child custody actions, where habeas corpus relief is the exception rather than the general rule. *Holloway v. Clermont Cty. Dept. of Human Serv.* (1997), 80 Ohio St.3d 128, 130, 684 N.E.2d 1217.

{¶10} Rammage can object to the magistrate's decision, see Juv.R. 40(E)(3), raise these issues in any subsequent hearing in the case, and appeal any adverse judgment by the juvenile court. These remedies are adequate to preclude habeas corpus relief based on Rammage's claim of insufficiency of the dependency

complaint. See *In re Hunt* (1976), 46 Ohio St.2d 378, 381, 75 O.O.2d 450, 348 N.E.2d 727 (claims of insufficiency of dependency complaint could not be raised in habeas corpus "in place of the usual procedures under the Juvenile Rules, or, if necessary, the procedures for appeal"); cf., also, *Orr v. Mack* (1998), 83 Ohio St.3d 429, 430, 700 N.E.2d 590 (habeas corpus not available to challenge the sufficiency of criminal complaint or indictment).

{¶11} These remedies are also adequate to address Rammage's claims challenging the constitutionality of R.C. 2151.04(C). Constitutional challenges to legislation are generally resolved in an action in a common pleas court rather than in an extraordinary writ action filed here. See *State ex rel. Gaydosh v. Twinsburg* (2001), 93 Ohio St.3d 576, 579, 757 N.E.2d 357.

{¶12} Moreover, courts have rejected comparable constitutional challenges to R.C. 2151.04(C). *Davis v. Trumbull Cty. Children Serv. Bd.* (1985), 24 Ohio App.3d 180, 183, 24 OBR 270, 493 N.E.2d 1011; *In the Matter of Forille* (Feb. 12, 1982), Lucas App. No. L-81-164, 1982 WL 6259.

{¶13} Notably, the main cases that Rammage relies upon were resolved in the ordinary course of law rather than in an extraordinary action for a writ of habeas corpus. See *Troxel v. Granville* (2000), 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49; *In re William S.* (1996), 75 Ohio St.3d 95, 661 N.E.2d 738.

{¶14} Finally, Rammage's petition did not state with the requisite particularity the extraordinary circumstances entitling her to a writ of habeas corpus. " 'Unsupported conclusions contained in a habeas corpus petition are not considered admitted and are insufficient to withstand dismissal.' " *Holloway v. Clermont Cty. Dept. of Human Serv.* (2001), 92 Ohio St.3d 553, 555, 751 N.E.2d 1055, quoting *Chari v. Vore* (2001), 91 Ohio St.3d 323, 328, 744 N.E.2d 763. Rammage did not allege in her petition in even a conclusory fashion that she lacks an adequate remedy in the ordinary course of the law.

**{¶15}** Based on the foregoing, Rammage was not entitled to a writ of habeas corpus. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Thomas J. Brock, for appellant.

Ron O'Brien, Franklin County Prosecuting Attorney, and Victor N. Magary, Assistant Prosecuting Attorney, for appellee.

_____