In re Bailey; Bailey et al., Appellants; Hempen, Appellee.

[Cite as *In re Bailey*, 98 Ohio St.3d 309, 2003-Ohio-859.]

(No. 2002–1691—Submitted January 21, 2003—Decided March 12, 2003.)

**Per Curiam.**

{¶ 1} Appellants, Gordon and Linda Bailey, are the biological parents of Danielle N. Bailey, a minor child born on June 19, 1992. In November 1995, appellants voluntarily placed Danielle with appellee, Alice Hempen, a nonrelative. In 1996, Gordon Bailey, Linda Bailey, and Hempen filed petitions in the Hamilton County Court of Common Pleas, Juvenile Division, for custody of Danielle. Gordon Bailey withdrew his petition and agreed that custody of Danielle should be awarded to Hempen. The juvenile court found that Gordon and Linda Bailey were "unable, unfit, and unsuitable to parent at this time and in the foreseeable future due to their physical and emotional conditions." The juvenile court granted custody of Danielle to Hempen and ordered limited visitation for the Baileys.

{¶ 2} In 1997, the juvenile court granted Hempen's emergency motion to suspend visitation between the Baileys and Danielle. The court found that inappropriate sexual activity had occurred between the Baileys and Danielle during visits. On appeal, the court of appeals affirmed the judgment of the juvenile court. *Hempen v. Bailey* (May 2, 2001), Hamilton App. No. C–990528, 2001 WL 477069.

{¶ 3} After independently supervised visitation was subsequently instituted, the Baileys gave alcohol to Danielle on two separate occasions, both when she was just eight years old. The juvenile court then granted another emergency motion by Hempen to suspend visitation. On appeal, the court of appeals affirmed that portion of the juvenile court's judgment granting Hempen's emergency motion. *In re Bailey*, Hamilton App. Nos. C–010015 and C–010186, 2002-Ohio-3801, 2002 WL 1724030.

{¶ 4} In 2001, the juvenile court again suspended visitation between the Baileys and Danielle, this time because of her psychologist's opinion that Danielle experienced emotional conflict due to visitation.

{¶ 5} On June 17, 2002, the Baileys filed a petition in the Court of Appeals for Hamilton County for a writ of habeas corpus to compel Hempen to return Danielle to their custody. The Baileys alleged that Danielle has been held against her will by Hempen since November 1996, that they have a fundamental right to custody of Danielle, that they have never been accused or convicted of any charge of abuse or neglect, that the juvenile court's suspension of visitation was a termination of their rights, that they are being denied due process of law, and that they have no other plain, adequate, or speedy remedy available. Hempen and Danielle's guardian ad litem filed a motion to dismiss the petition.

{¶ 6} On August 23, 2002, the court of appeals granted the motion and dismissed the petition.

{¶ 7} This cause is now before the court upon the Baileys' appeal as of right.

{¶ 8} The Baileys assert that the court of appeals erred in dismissing their habeas corpus petition. For the following reasons, we affirm the judgment of the court of appeals.

{¶ 9} In order to withstand dismissal, the Baileys were required to allege with particularity the extraordinary circumstances entitling them to the requested extraordinary relief in habeas corpus. *Holloway v. Clermont Cty. Dept. of Human Serv.* (2001), 92 Ohio St.3d 553, 555, 751 N.E.2d 1055. " 'Unsupported conclusions contained in a habeas corpus petition are not considered admitted and are insufficient to withstand dismissal.' " Id., quoting *Chari v. Vore* (2001), 91 Ohio St.3d 323, 328, 744 N.E.2d 763.

{¶ 10} The Baileys' petition contained unsupported conclusions, e.g., that they had been denied due process and that they had no adequate alternative remedy at law available, rather than specific facts supporting their claim for the writ.

{¶ 11} Moreover, "[i]n order to prevail on a petition for a writ of habeas corpus in a child custody case, the petitioner must establish that (1) the child is being unlawfully detained, and (2) the petitioner has the superior legal right to custody of the child." *State ex rel. Bruggeman v. Auglaize Cty. Court of Common Pleas* (1999), 87 Ohio St.3d 257, 719 N.E.2d 543.

{¶ 12} The Baileys' own petition and its various attachments do not support any allegation of unlawful detention. In fact, the attachments contradict the Baileys' allegations. Despite the Baileys' claims, Gordon initially agreed to Hempen's custody of Danielle in November 1996. Also, the award of custody was based on evidence of the Baileys' unfitness and unsuitability as parents. Subsequent suspensions of visitation were based on the Baileys' inappropriate sexual activity with Danielle and providing alcohol to her. Consequently, their own petition demonstrates that an award of custody would not be in the best interests of the child. *Holloway v. Clermont Cty. Dept. of Human Serv.* (1997), 80 Ohio

St.3d 128, 131, 684 N.E.2d 1217, quoting Antieau, The Practice of Extraordinary Remedies (1987) 113, Section 1.50 (" 'Whenever child custody is litigated in a habeas corpus action, the best interest of the child is the prime consideration' "). Contrary to the Baileys' assertions on appeal, the court of appeals did not need to make an express best-interest determination in granting the dismissal motion. See, e.g., Civ.R. 52 ("Findings of fact and conclusions of law required by this rule * * * are unnecessary upon all other motions including those pursuant to Rule 12 * * *").

{¶ 13}  Furthermore, dismissal was appropriate because the Baileys did not comply with the pleading requirements of R.C. 2725.04.  Id., 80 Ohio St.3d at 132, 684 N.E.2d 1217.  Although the Baileys challenge the propriety of the juvenile court's 2001 suspension of visitation, they did not attach a copy of this order to their petition.  Moreover, they did not attach a copy of the juvenile court's adoption of the magistrate's 1996 order awarding custody of Danielle to Hempen.

{¶ 14}  Finally, the Baileys' attack on the constitutionality of certain legislation is better suited to an action in a common pleas court than in an extraordinary writ action filed here.  See State ex rel. Gaydosh v. Twinsburg (2001), 93 Ohio St.3d 576, 579, 757 N.E.2d 357.  The preeminent cases that the Baileys rely upon to assert unconstitutionality of the statutory scheme, see In the Interest of S.J.K. (1986), 149 Ill.App.3d 663, 103 Ill.Dec. 75, 500 N.E.2d 1146, and In re Sanjivini K. v. Usha K. (1979), 47 N.Y.2d 374, 418 N.Y.S.2d 339, 391 N.E.2d 1316, were resolved in the ordinary course of law on appeal rather than by extraordinary writ.  See State ex rel. Nalls v. Russo, 96 Ohio St.3d 410, 2002-Ohio-4907, 775 N.E.2d 522, ¶ 24, quoting State ex rel. Banc One Corp. v. Walker (1999), 86 Ohio St.3d 169, 172, 712 N.E.2d 742 (" 'Significantly, most of the authorities relied on by appellants were resolved by appeal rather than by extraordinary writ' ").

{¶ 15}  Therefore, the court of appeals properly dismissed their petition.  We affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

———

Damon Law Office and Geoffrey P. Damon, for appellants.