Brian W. Benbow, pro se.

---

ROSS, APPELLANT, v. SAROS, APPELLEE.

[Cite as *Ross v. Saros,* 99 Ohio St.3d 412, 2003-Ohio-4128.]

(No. 2003–0576—Submitted June 24, 2003—Decided August 20, 2003.)

---

**Per Curiam.**

{¶ 1} On August 17, 1999, appellant, Chrystal Ross, gave birth to A'uantae Ross. According to the court of appeals in a related case, *In re Ross* (Nov. 29, 2001), Franklin App. No. 01AP–570, 2001 WL 1512381, two days later, after being notified that Chrystal and A'uantae had both tested positive for cocaine, Franklin County Children's Services ("FCCS") filed a complaint in the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, seeking an emergency care order for the child. That same day, the juvenile court issued an emergency care order placing the child in the custody of FCCS. The juvenile court appointed counsel for Chrystal, and in October 1999, the juvenile court found A'uantae to be a dependent child and granted temporary custody of her to FCCS.

{¶ 2} In July 2000, FCCS moved for permanent custody. After numerous continuances, the juvenile court held a hearing in April 2001, at which Chrystal was represented by appointed counsel.

{¶ 3} On April 30, 2001, the juvenile court granted permanent custody of A'uantae to FCCS. The juvenile court found that Chrystal failed to appear at the hearing despite being properly served. The juvenile court further found that it was in the best interest of A'uantae to be permanently committed to the custody of FCCS because Chrystal failed to consistently attend visitation, undergo drug and alcohol treatment, and attend parenting classes.

{¶ 4} On appeal, the Court of Appeals for Franklin County affirmed the juvenile court's permanent-custody order. The court of appeals determined that the performance of Chrystal's trial attorney at the April 2001 hearing was not deficient because Chrystal's "counsel was left in the unenviable position of being unable to determine what posture to take in representing [appellant] due to [appellant's] own failure to converse or correspond with counsel." *In re Ross*, supra.

{¶ 5} On reconsideration, the court of appeals rejected Chrystal's new claim that the appellate court lacked jurisdiction to grant permanent custody because she was never served with notice of the agency's motion for permanent custody. The juvenile court determined that even assuming that Chrystal was not properly served, she received sufficient notice and opportunity to assert her rights:

{¶ 6} "In the final analysis, * * * appellant had adequate notice of the permanent commitment hearings and of the nature of the proceedings and had an adequate opportunity to prepare for and to assert her rights at the hearing at which permanent commitment was granted. * * *

{¶ 7} "Here, the record suggests appellant had notice at least since August or September 2000 that FCCS sought permanent commitment of her child, and the record reflects appellant was represented by counsel in the permanent commitment proceedings from at least September 2000 to April 2001. * * * [Because] appellant's counsel stated appellant had been informed [of the actual hearing date], appellant had ample opportunity to prepare for the hearing to assert her rights, notwithstanding that appellant's failure to remain in contact with her counsel deprived counsel of the opportunity to present evidence in support of appellant at that hearing."

{¶ 8} We did not allow Chrystal's discretionary appeals. See *In re Ross* (2002), 94 Ohio St.3d 1434, 761 N.E.2d 49; *In re Ross* (2002), 95 Ohio St.3d 1410, 765 N.E.2d 877.

{¶ 9} In August 2002, Chrystal filed a petition in the court of appeals for a writ of habeas corpus to compel appellee, FCCS Director John Saros, "to release the child to the custody of Petitioner." The court of appeals granted Saros's motion for summary judgment and denied the writ.

{¶ 10} This cause is now before the court upon Chrystal's appeal as of right.

{¶ 11} Chrystal asserts that the court of appeals erred in holding that she had had an adequate remedy at law by way of appeal. In fact, by raising her lack-of-service claim in her previous appeal, she was barred by res judicata from raising it again in habeas corpus.

{¶ 12} " '[H]abeas corpus, like other extraordinary writ actions, is not available when there is an adequate remedy at law.' " *In re Coleman,* 95 Ohio St.3d 284, 2002-Ohio-1804, 767 N.E.2d 677, at ¶ 4, quoting *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 383, 667 N.E.2d 1194. "This principle applies equally to child custody actions, where habeas corpus relief is the exception rather than the general rule." *Rammage v. Saros,* 97 Ohio St.3d 430, 2002-Ohio-6669, 780 N.E.2d 278, ¶ 9.

{¶ 13} Chrystal is correct that a "limited exception" to these general rules permits habeas corpus petitions to raise jurisdictional claims. *State ex rel. Fryerson v. Tate* (1999), 84 Ohio St.3d 481, 485, 705 N.E.2d 353.

{¶ 14} This exception, however, does not apply here. " 'In the absence of a *patent and unambiguous lack of jurisdiction,* a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal.' " (Emphasis added.) *State ex rel. United States Steel Corp. v. Zaleski,* 98 Ohio St.3d 395, 2003-Ohio-1630, 786 N.E.2d 39, ¶ 8, quoting *State ex rel. Nalls v. Russo,* 96 Ohio St.3d 410, 2002-Ohio-4907, 775 N.E.2d 522, ¶ 18. This rule applies to habeas corpus cases. *Agee v. Russell* (2001), 92 Ohio St.3d 540, 544, 751 N.E.2d 1043; *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.* (1994), 70 Ohio St.3d 141, 145, 637 N.E.2d 890.

{¶ 15} The juvenile court did not patently and unambiguously lack jurisdiction to grant the FCCS motion for permanent custody. Chrystal's claim is based on *In re Frinzl* (1949), 152 Ohio St. 164, 39 O.O. 456, 87 N.E.2d 583. In that case, at paragraph four of the syllabus, we held that the lack of sufficient notification of a permanent-custody proceeding rendered the juvenile court judgment void ab initio and made an ensuing claim cognizable in habeas corpus:

{¶ 16} "Where the only notice given to the mother of an adjudged dependent child, of a hearing to change such child's temporary commitment to a permanent one, was served on the mother within an hour before such hearing and she had no opportunity between the time of being served with the notice and the time of the hearing, to either prepare for such hearing or to engage counsel to represent her, such notice is insufficient in law and an order for permanent custody made at such hearing is void for want of jurisdiction of the court in making it, and an attack made upon it by an application for a writ of habeas corpus is direct and not collateral and is proper even though the judgment appears to be regular and valid upon its face."

{¶ 17} Unlike the mother in *Frinzl,* Chrystal was represented by counsel at the permanent-custody hearing and she had been notified that FCCS sought permanent custody of A'uantae well in advance of the hearing. To the extent that Chrystal claimed that her attorney's performance at the hearing was deficient, it was Chrystal's fault for not communicating with the attorney. Where parents of minor children have the notice and opportunity to assert their rights in a permanent-custody proceeding, *Frinzl* is inapplicable. See, e.g., *In re Crow* (Jan. 22, 2001), Darke App. Nos. CA 1521 and CA 1522, 2001 WL 62895.

{¶ 18} Therefore, the juvenile court did not patently and unambiguously lack jurisdiction to grant permanent custody of A'uantae to FCCS. Consequently, Chrystal had an adequate remedy at law by her previous unsuccessful appeal. That remedy precludes the requested writ of habeas corpus. "Where a plain and adequate remedy at law has been unsuccessfully invoked, extraordinary relief is not available to relitigate the same issue." *Childers v. Wingard* (1998), 83 Ohio St.3d 427, 428, 700 N.E.2d 588.

{¶ 19} Moreover, even assuming that Chrystal stated a viable *Frinzl* claim, she would still not necessarily be entitled to the writ. The juvenile court findings, which are attached to her petition, demonstrate that releasing A'uantae to Chrystal's custody would not be in the child's best interest. According to those findings, Chrystal is a chronic crack cocaine abuser who ignored drug- and alcohol-treatment and parenting classes and failed to visit her child after August 2000. The court of appeals correctly denied the writ. See *In re Bailey,* 98 Ohio St.3d 309, 2003-Ohio-859, 784 N.E.2d 109, ¶ 12 (the parents' "own [habeas corpus] petition demonstrates that an award of custody would not be in the best interests of the child"); *Holloway v. Clermont Cty. Dept. of Human Serv.* (1997), 80 Ohio St.3d 128, 131, 684 N.E.2d 1217 (" 'Whenever child custody is litigated in a habeas corpus action, the best interest of the child is the prime consideration' "), quoting 1 Antieau, The Practice of Extraordinary Remedies (1987) 113, Section 1.50.

{¶ 20} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————

Richard B. Parry and Thomas J. Brock, for appellant.

Ron O'Brien, Franklin County Prosecuting Attorney, and Mary Jane Martin, Assistant Prosecuting Attorney, for appellee.