D. Chris Cook, for relator.

SMITH, APPELLANT, *v.* BRADSHAW, WARDEN, APPELLEE.

[Cite as *Smith v. Bradshaw,* 109 Ohio St.3d 50, 2006-Ohio-1829.]

(No. 2005–2082—Submitted March 15, 2006—Decided April 26, 2006.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a habeas corpus petition.

{¶ 2} In April 1995, delinquency complaints were filed in the Juvenile Division of the Cuyahoga County Court of Common Pleas charging appellant, Ashunte Smith, with kidnapping and assaulting Gary Lewis. Smith was then 15 years old.

{¶ 3} The juvenile court heard partial testimony on the kidnapping charge. Later, a new delinquency complaint charging Smith with the aggravated murder of Lewis as a result of the assault was filed in the juvenile court. On June 20, 1995, Smith's counsel waived "any further probable cause testimony or hearing" on the kidnapping and aggravated-murder charges. The state's counsel then specified the evidence that would have been presented to establish probable cause for the aggravated-murder charge. The juvenile court determined that based on the testimony that had been heard already, as well as Smith's waiver of a further hearing on the issue, probable cause existed on the kidnapping charge. The juvenile court also determined that based on Smith's waiver, probable cause existed on the aggravated-murder charge. The assault charge was dismissed.

{¶ 4} In August 1995, the juvenile court bound Smith over for trial as an adult in the general division of the common pleas court. In its bindover entry, the juvenile court specified that mental and physical examinations of Smith had been conducted.

{¶ 5} Smith was indicted as an adult on two counts of aggravated murder and one count of kidnapping with accompanying firearm specifications. In June 1996, he was convicted of the charged offenses and sentenced to prison.

{¶ 6} On appeal, Smith argued in part that his bindover from juvenile court was improper because he had not, in fact, had a mental or physical examination. *State v. Smith* (Aug. 21, 1997), Cuyahoga App. No. 70855, 1997 WL 476828, *22–23. The court of appeals rejected Smith's argument and held that Smith's bindover was proper. Id. The court of appeals affirmed Smith's convictions but merged his two life sentences into one life term. Id. at *21. We did not allow Smith's further appeal. *State v. Smith* (1998), 81 Ohio St.3d 1414, 688 N.E.2d 1042.

{¶ 7} About seven years later, in June 2005, Smith filed a petition in the Court of Appeals for Richland County for a writ of habeas corpus to compel appellee, Warden Margaret Bradshaw, to immediately release him from prison. Smith

claimed that his convictions and sentence were void because his bindover from juvenile court was defective. More specifically, Smith asserted that the bindover was improper because he had not had an appropriate physical examination and his waiver of the probable-cause hearing had been invalid. On October 12, 2005, the court of appeals dismissed the petition.

{¶ 8} This cause is now before the court upon Smith's appeal as of right.

{¶ 9} Smith asserts that the court of appeals erred in dismissing his habeas corpus petition. Smith's assertion lacks merit.

{¶ 10} "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6. Absent a patent and unambiguous lack of jurisdiction, a party challenging a court's jurisdiction has an adequate remedy at law by appeal. See *State ex rel. Blackwell v. Crawford*, 106 Ohio St.3d 447, 2005-Ohio-5124, 835 N.E.2d 1232, ¶ 19. We have applied this principle in habeas corpus cases involving a claim of an improper bindover. *Agee v. Russell* (2001), 92 Ohio St.3d 540, 544, 751 N.E.2d 1043.

{¶ 11} For the following reasons, Smith had an adequate remedy at law by appeal to raise his claims.

{¶ 12} First, the juvenile court's bindover entry indicates that the proper procedures were followed.

{¶ 13} Second, the probable-cause finding regarding the kidnapping charge was based in part on evidence presented to the juvenile court and not solely on the waiver that Smith challenges. Under the applicable law at the time of Smith's bindover, once he was bound over to the court as an adult on the kidnapping charge, the grand jury was empowered to return its indictment charging aggravated murder under the facts submitted to it. *State v. Adams* (1982), 69 Ohio St.2d 120, 23 O.O.3d 164, 431 N.E.2d 326, paragraphs one and two of the syllabus.

{¶ 14} Third, Smith cites no habeas corpus case involving waiver of a probable-cause determination in support of his claim of improper bindover. Instead, he relies predominantly on cases resolved in the ordinary course of law on appeal rather than by extraordinary writ. See, e.g., *In re Bailey*, 98 Ohio St.3d 309, 2003-Ohio-859, 784 N.E.2d 109, in which we relied on a similar rationale to deny a writ of habeas corpus.

{¶ 15} Fourth, Smith already unsuccessfully raised his claim concerning improper bindover based upon the alleged lack of a physical examination in his direct appeal. Smith "may not use habeas corpus to gain successive appellate reviews of the same issue." *State ex rel. Rash v. Jackson*, 102 Ohio St.3d 145, 2004-Ohio-2053, 807 N.E.2d 344, ¶ 12; cf. *Citicasters Co. v. Stop 26–Riverbend,*

*Inc.,* 147 Ohio App.3d 531, 2002-Ohio-2286, 771 N.E.2d 317, ¶ 33, quoting *Squires v. Squires* (1983), 12 Ohio App.3d 138, 141, 12 OBR 460, 468 N.E.2d 73 (" 'once [a] jurisdictional issue has been fully litigated and determined by a court that has authority to pass upon the issue, said determination is *res judicata* in a collateral action and can only be attacked directly by appeal' ").

{¶ 16} Based on the foregoing, the court of appeals properly denied Smith's habeas corpus petition. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———

Ashunte Smith, pro se.

Jim Petro, Attorney General, and Thelma Thomas Price, Assistant Attorney General, for appellee.