OPINION. *Page 2 
{¶ 1} Appellants, Gordon Bailey and Linda Bailey ("the Baileys"), appeal the judgment of the Hamilton County Juvenile Court holding them in contempt of court for failure to pay fees for the services of a guardian ad litem ("GAL") in a custody case.
 A PROTRACTED CUSTODY BATTLE {¶ 2} The finding of contempt in this case arose from the protracted custody and visitation battle — a battle that began in 1996 — involving the Baileys' daughter, Danielle Bailey.
 {¶ 3} Early in the custody proceedings, the juvenile court determined that the Baileys were unfit parents and placed Danielle in the custody of plaintiff-appellee, Alice Hempen. The Baileys were granted limited visitation rights.
 {¶ 4} Based on allegations of sexual abuse involving Danielle, Hempen filed a motion to suspend the Baileys' visitation rights. The Baileys then requested the appointment of a GAL to protect Danielle's interests. The magistrate appointed a GAL on the condition that the Baileys pay the fees for the GAL's services.
 {¶ 5} After the appointment of the GAL, the Baileys filed numerous motions for custody and for increased visitation rights. As a result of the extensive litigation, the fees for the GAL's services grew to a substantial amount.
 {¶ 6} In 2006, the juvenile court held the Baileys in contempt for their failure to pay the GAL fees. The court sentenced the Baileys to 30 days in jail and ordered them to pay $1,100 each to purge the contempt. In this appeal, the Baileys now assert five assignments of error. *Page 3 
 THE ASSESSMENT OF GAL FEES {¶ 7} The Baileys' first and fifth assignments of error concern the juvenile court's appointment of the GAL and the order requiring them to pay the GAL fees. In the first assignment, they argue that the court did not have the authority to assess the GAL fees against them.
 {¶ 8} This court has already held, in a previous appeal, that the juvenile court had properly ordered the Baileys to pay the GAL fees.[1] The propriety of the juvenile court's order is therefore the law of the case,[2] and we overrule the first assignment of error.
 {¶ 9} In the fifth assignment of error, the Baileys argue that the juvenile court erred in maintaining the services of the GAL after the allegations of sexual abuse had been proved groundless.
 {¶ 10} A trial court's order regarding the appointment of a GAL will not be reversed absent an abuse of discretion.[3] Here, the juvenile court did not abuse its discretion.
 {¶ 11} First, as we have already noted, it was the Baileys who had requested the appointment of a GAL and who had filed numerous motions requiring the GAL to determine the bests interests of Danielle. Accordingly, they were in no position to contest the continued use of the GAL's services.
 {¶ 12} Second, there was evidence in the record that the allegations of sexual misconduct were well founded. And even if those allegations were spurious, there were numerous other circumstances supporting the conclusion that the Baileys were *Page 4 
unfit parents and that Danielle needed the services of a GAL to protect her interests.[4] So the retention of the GAL was reasonable, and the Baileys were not assessed unnecessary or excessive fees for the services. We overrule the fifth assignment of error.
 THE CONTEMPT SANCTION {¶ 13} In the second, third and fourth assignments of error, the Baileys contend that the juvenile court erred in holding them in contempt of court. Although the Baileys' arguments concern the juvenile court's alleged lack of authority to order payment of the GAL fees and their own inability to pay, we hold that the contempt sanction was improper for a different reason.
 {¶ 14} Section 15, Article I, of the Ohio Constitution prohibits imprisonment for debt in civil actions. In Strattman v. Studt,[5] the Supreme Court of Ohio held that the duty to pay court costs is a civil obligation that arises from an implied contract with the court, and that the obligation to pay costs is therefore a debt that falls within the ambit of Section 15, Article I.
 {¶ 15} Accordingly, courts have held that a jail sentence may not be imposed for the nonpayment of court costs.[6] Instead, court costs may be recouped only through the methods available for the collection of civil judgments.[7]
 {¶ 16} Here, the jail sentence for contempt was improper. The authority to levy GAL fees against a party in a private custody action is found in Juv.R. 4(G), *Page 5 
which is titled "Costs" and which provides that "[t]he court may fix compensation for the services of appointed counsel and guardians ad litem, tax the same as part of the costs and assess them against the child, the child's parents, custodian, or other person in loco parentis of such child." (Emphasis added.)
 {¶ 17} Accordingly, if the juvenile court exercises its discretion to assess fees for the compensation of a GAL, it is directed to tax the fees as part of the costs of the proceedings.[8] Because the fees are denoted court costs under Juv.R. 4(G), the obligation to pay the fees is a civil obligation for which a party may not be incarcerated.
 {¶ 18} Thus, the jail sentence for contempt in this case was improper, but the GAL fees may still be collected under procedures available for the collection of civil judgments. We sustain the second, third, and fourth assignments of error.
CONCLUSION
 {¶ 19} We affirm the trial court's assessment of GAL fees against the Baileys, but we vacate the jail sentence imposed for contempt of court. We remand the cause for further proceedings consistent with this opinion.
Judgment accordingly.
PAINTER. P. J., and DINKELACKER, JJ., concur.
[1] See In Re Bailey, 1st Dist Nos. C-040014 and C-040479,2005-Ohio-3039, at 128, jurisdictional motion overruled,107 Ohio St.3d 1423, 2005-Ohio-6124, 837 N.E.2d 1208.
[2] See Nolan v. Nolan (1984), 11 Ohio St.3d 1, 4,462 N.E.2d 410.
[3] See Smith v. Quigg, 5th Dist. Nos. 05-CA-61, 05-CA-62, and 05-CA-79, 2006-Ohio-1670, at 117.
[4] See In Re Bailey, 98 Ohio St.3d 309, 2003-Ohio-859,784 N.E.2d 109, at ¶ 12.
[5] (1969), 20 Ohio St.2d 95, 235 N.E.2d 749, paragraphs six and seven of the syllabus.
[6] Id. See, also, State v. Myers, 3rd Dist. Nos. 6-03-02 and 6-03-03, 2003-Ohio-3585, at ¶ 6; Strongsville v. Waiwood (1989),62 Ohio App.3d 521, 526, 577 N.E.2d 63; State v. Arundell (Jan. 14, 1987), 2nd Dist. No. CA 9730.
[7] Strattman, supra, at 103, 235 N.E.2d 749.
[8] See, also, Jackson v. Herron, 11th Dist. No. 2004-L-045,2005-Ohio-4039, at ¶ 8 (litigant has the "substantial right," under analogous language in Civ.R. 75, to have guardian-ad-litem fees taxed as costs). *Page 1