[Cite as *State v. Sims*, 2015-Ohio-4252.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| MICHAEL A. SIMS | ) | |
| | ) | |
| PETITIONER, | ) | |
| | ) | CASE NO. 15 BE 50 |
| VS. | ) | |
| | ) | OPINION |
| MICHELLE MILLER, Warden | ) | AND |
| | ) | JUDGMENT ENTRY |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:      Petition for Writ of Habeas Corpus

JUDGMENT:                                    Dismissed

APPEARANCES:
For Petitioner                                 Michael A. Sims, Pro-Se
                                                      Belmont Correctional Inst.
                                                      No. D-1-A-90
                                                      P.O. Box 540
                                                      St. Clairsville, Ohio 43950

For Respondent                             Jonathan R. Khouri
                                                      Assistant Attorney General
                                                      Criminal Justice Section
                                                      150 East Gay Street, 16th Floor
                                                      Columbus, Ohio 43215

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: October 9, 2015

PER CURIAM

{¶1} On August 17, 2015, Petitioner Michael Sims filed a pro se "commercial writ of habeas corpus" claiming the trial court lacked jurisdiction over the subject matter of his case resulting in his plea and sentence being void. Respondent Michelle Miller, Warden of the Belmont Correctional Institution in Saint Clairsville, Ohio answered by filing a motion to dismiss.

{¶2} In November of 1986, Sims was indicted on eleven separate counts: kidnapping; aggravated burglary; auto theft; and eight counts of rape. Each count contained a firearm specification. Sims pled guilty at trial to one count of kidnapping, one count of aggravated burglary, one count of rape, one count of auto theft and each of the accompanying firearm specifications, for a total of four. The remaining seven rape counts and firearm specifications were dismissed. Sims was sentenced to a minimum of 15 years and a maximum of 76 years and to 12 years on the firearm specifications. He did not directly appeal his conviction and sentence, but filed various meritless post-conviction motions.

{¶3} In his writ Sims argues that the Jefferson County Court of Common Pleas lacked subject matter jurisdiction over his case, asserting the court did not have jurisdiction over felonies, only misdemeanors. He cites R.C. 2931.03 and the Ohio Constitution.

{¶4} Individuals who are "unlawfully restrained" may prosecute a writ of habeas corpus. R.C. 2725.01. Application is made by petition which must contain certain information and enumerated items. R.C. 2725.04. If the court decides that the petition states a facially valid claim, it must allow the writ. R.C. 2725.06. However, "if the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ and should dismiss the petition." *Pegan v. Crawmer*, 73 Ohio St.3d 607, 609, 1995-Ohio-175, 653 N.E.2d 659.

{¶5} Generally, a petitioner is only entitled to habeas relief if he can show he has no adequate remedy at law. *Agee v. Russell,* 92 Ohio St.3d 540, 544, 751 N.E.2d 1043 (2001). However, there is a narrow exception to this proposition: where the trial court patently lacks jurisdiction. *Smith v. Bradshaw,* 109 Ohio St.3d 50, 2006-

Ohio-1829, 845 N.E.2d 516, ¶ 10. "When the court lacks jurisdiction, the petitioner may raise the claim by a petition for habeas corpus, even if the error could have been raised on appeal." *State ex rel. Brooks v. Miller*, 7th Dist. No. 15 BE 39, 2015-Ohio-3755, ¶7. This Court elaborated in *Brooks*:

> As to the jurisdictional argument, R.C. 2931.03 states, "The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." The Ohio Supreme Court has explained, "The Court of Common Pleas is, by Section 2931.03, Revised Code, given original jurisdiction in felony cases. The felony jurisdiction is invoked by the return of a proper indictment by the grand jury of the county." *Click v. Eckle,* 174 Ohio St. 88, 89, 186 N.E.2d 731 (1962). See also, *State ex rel. Pruitt v. Donnelly,* 129 Ohio St.3d 498, 2011–Ohio–4203, 954 N.E.2d 117, ¶ 2 (felony case asking for conviction and sentence to be vacated, Ohio Supreme Court stated pursuant to R.C. 2931.03 common pleas court has jurisdiction over criminal proceedings); *Jimison v. Wilson,* 106 Ohio St.3d 342, 2005–Ohio–5143, 835 N.E.2d 34, ¶ 11 (citing the Ohio Constitution, Article IV, Section 4 for the position that the common pleas courts have general subject-matter jurisdiction over crimes and offenses committed by adults).

**{¶6}** As the Jefferson County Court of Common Pleas had jurisdiction over Sims' case, his argument is meritless. Further, Sims' writ fails procedurally as well as he failed to attach a proper statement setting forth the balance of his inmate account for the preceding six months as certified by the institutional cashier, in accordance with R.C. 2969.25(C)(1).

**{¶7}** Sims attached a statement from the period of December 1, 2014, through May 9, 2015, and this action was filed on August 17, 2015. Additionally, this

document was not certified by the institutional cashier. "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *Boles v. Knab,* 129 Ohio St.3d 222, 2011-Ohio-2859, 951 N.E.2d 389, ¶ 1, quoting *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634.

**{¶8}** For the foregoing reasons, Sims' petition for writ of habeas corpus is hereby dismissed. Costs taxed against Petitioner. Final order. Clerk to serve notice on the parties as required by the Ohio Rules of Civil Procedure.


DeGenaro, J., concurs

Waite, J., concurs

Robb, J. concurs