OPINION AND JOURNAL ENTRY
{¶ 1} On March 26, 2003, Petitioner Reginald Sevayega filed a petition requesting a writ of habeas corpus, providing at least seven propositions upon which he bases this request. Respondent David Bobby subsequently filed a motion to dismiss on April 23, 2003. For the following reasons, Respondent's motion to dismiss is granted.
 {¶ 2} Petitioner was convicted of one count of rape and two counts of tampering with evidence on July 23, 1993, and sentenced to a total of eight to twenty-five years incarceration. He is currently serving that sentence at the Belmont County Correctional Institution. Petitioner directly appealed his conviction, arguing that he was denied effective assistance of counsel, that the court erred in denying his motion for acquittal, and that he was denied a fair trial due to prosecutorial misconduct. The judgment of the trial court was affirmed by the Eighth District Court of Appeals.
 {¶ 3} In seeking a writ of habeas corpus, Petitioner alleges multiple "violations" including the discovery of new evidence, the failure of appellate counsel to argue ineffective assistance of counsel, and the failure of the Sixth Circuit Federal Court of Appeals to utilize the correct standard for reviewing his claims of actual innocence. However, we cannot reach the allegations contained in the request, as Petitioner has failed to follow proper procedure for seeking habeas corpus relief.
 {¶ 4} R.C. 2725.02 grants to this court the ability to authorize writs of habeas corpus. However, R.C. 2725.03 directs that "If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, * * * no court or judge other than the court or judges of the county in which the institute is located has jurisdiction to issue or determine a writ of habeas corpus * * *." (Emphasis added.) Petitioner is incarcerated in Belmont County, and yet he filed this petition with the Mahoning County Clerk of Courts. Although the petition would ultimately reach this court whether filed in Belmont County or Mahoning County, the statute explicitly directs that Petitioner must file in Belmont County. Thus, the petition was not properly filed and should not be considered.
 {¶ 5} Beyond these procedural defects in the petition, this court could still not properly entertain the merits of his request for a writ of habeas corpus due to the substance of the claims upon which Petitioner rests. As previously stated, Petitioner alleges the discovery of new evidence, the failure of appellate counsel to argue ineffective assistance of trial counsel, and an improper review of his actual innocence claim by the Sixth Circuit Federal Court of Appeals. None of these issues presents a jurisdictional problem, and habeas is generally not the proper avenue for review of nonjurisdictional issues. State exrel. Pirman v. Mooney (1994), 69 Ohio St.3d 591, 593.
 {¶ 6} Generally, habeas corpus will lie only to challenge the jurisdiction of the sentencing court. Stahl v. Shoemaker (1977),50 Ohio St.2d 351. Under R.C. 2725.05:
 {¶ 7} "If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed."
 {¶ 8} Petitioner herein does not allege that the sentencing court lacked jurisdiction to impose the sentence it did, but rather that there were constitutional violations that resulted in an improper conviction.
 {¶ 9} While habeas will lay in certain extraordinary circumstances where the issues are nonjurisdictional, such situations are strictly limited to where there was no adequate legal remedy, such as appeal or post-conviction relief. Pirman, 69 Ohio St.3d at 593. In the instant case, Petitioner had an adequate remedy at law for the errors complained of. Although Petitioner claims that "* * * Counsel, on direct appeal in state court, raise[d] `ineffective assistance of counsel', but fail[ed] to argue the issue * * *," the opinion from the appellate court indicates otherwise. See State v. Sevayega (Sept. 22, 1994), 8th Dist. No. 65942. In the course of ruling on Petitioner's direct appeal, the appellate court indicates at least three respects in which Petitioner alleged that his trial counsel was deficient, and addressed each argument, explaining why counsel was not deficient. Thus, adequate legal relief was not only available to Petitioner, but was utilized as well. Where an adequate remedy at law was unsuccessfully invoked, extraordinary relief is not available to relitigate the same issue. Childers v. Wingard (1998),83 Ohio St.3d 427, 428.
 {¶ 10} Petitioner also claims that there is "newly discovered evidence" that can exonerate him, namely three investigative reports that Petitioner states were deliberately withheld by the prosecution pursuant to Crim.R. 16. In an attempt to bolster this claim, Petitioner included, among other pages of his trial transcript, page 313, wherein the admissibility of certain police reports is discussed. While the conversation is presented out of context, the extent to which it is presented is sufficient to demonstrate that the reports were not "new evidence" at all, but were instead reports deemed not to be subject to discovery. Because Petitioner was aware of the existence of the reports from, at the very least, the time of trial, to label them "new evidence" is a mischaracterization. If Petitioner believed the trial court's exclusion of the reports from discovery was erroneous, he had an adequate remedy by means of post-trial appeal. See State ex rel. Steckman v.Jackson (1994), 70 Ohio St.3d 420.
 {¶ 11} Furthemore, even if the evidence was "newly discovered," as Petitioner contends it to be, Petitioner would still have available to him an adequate remedy at law. Crim.R. 33(B), which governs motions for new trials, dictates protocol for defendants who wish to seek a new trial due to newly discovered evidence. The rule further provides an exception to the otherwise applicable time limitation for those who were unavoidably prevented from discovering the evidence in the given time period. Crim.R. 33(B). Thus, even if the evidence was in fact newly discovered, Petitioner would still have at his disposal an adequate remedy at law, thereby necessitating the denial of a petition for habeas relief. Gaskins v. Shiplevy (1996), 76 Ohio St.3d 380, 383.
 {¶ 12} Finally, while petitioner complains of errors made by the Sixth Circuit Federal Court of Appeals, this court is without jurisdiction to consider such allegations and, thus, would not be able to reach the merits of such a claim. Inasmuch as this petition fails in both procedure and substance, Petitioner's request for a writ of habeas corpus is denied. Petition dismissed. Costs taxed against Petitioner.
 {¶ 13} Final order. Clerk to serve a copy on counsel of record and Petitioner pursuant to the Civil Rules.
Vukovich, Donofrio and DeGenaro, JJ., concur.