Goudlock, Appellant, v. Voorhies, Warden, Appellee.

[Cite as *Goudlock v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787.]

(No. 2008–0655—Submitted September 17, 2008—Decided September 25, 2008.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of habeas corpus. Because the petition fails to state a viable habeas corpus claim, we affirm.

### Convictions and Sentence

{¶ 2} Following a jury trial, appellant, Frank Goudlock, was convicted of two counts each of aggravated murder, aggravated robbery, and kidnapping. In 1977, the Cuyahoga County Court of Common Pleas sentenced Goudlock to two consecutive life terms, to be served consecutively to four concurrent terms of five to 25 years. He had been bound over for trial as an adult by the juvenile court. At the bindover hearing, the prosecuting attorney represented to the juvenile court that "a full investigation including the mental and physical examination has been made by a duly qualified person."

### First Habeas Corpus Case

{¶ 3} In 2005, Goudlock filed a petition in the Court of Appeals for Trumbull County for a writ of habeas corpus to compel his immediate release from prison. Goudlock contended that the trial court lacked jurisdiction to convict and sen-

tence him because the bindover was improper. The court of appeals dismissed the petition based on Goudlock's failure to attach copies of his commitment papers. *Goudlock v. Bobby,* Trumbull App. No. 2005–T–0011, 2005-Ohio-3089, 2005 WL 1423418. The court of appeals specified that the dismissal was without prejudice. Id. at ¶ 7–8.

## Second Habeas Corpus Case

{¶ 4} Almost three years later, Goudlock filed a petition for a writ of habeas corpus to compel his release from prison. Goudlock again claimed that his bindover was improper. More specifically, he asserted that he had not been given the requisite mental and physical examinations before he was bound over for trial as an adult. Goudlock did not attach a copy of the bindover entry that he challenged, nor did he indicate in his petition that he could not procure it without impairing the efficiency of the remedy. When the petition was filed, Goudlock was an inmate at the Southern Ohio Correctional Institution in Lucasville, Scioto County, Ohio. Although he captioned his petition as being in the Court of Appeals for Scioto County, he filed it in the Court of Appeals for Ross County.

{¶ 5} Appellee, Southern Ohio Correctional Institution Warden Edwin C. Voorhies Jr., filed a Civ.R. 12(B)(6) motion to dismiss Goudlock's petition for failure to state a claim upon which relief can be granted. The warden raised several grounds, including that Goudlock had not attached a copy of the juvenile court's bindover entry. In his response, Goudlock included an affidavit in which he asserted that despite his best efforts, "personally, through my mother and others, I have been unable to obtain the documents relating to the juvenile court's 'bindover.' "

{¶ 6} The court of appeals granted the warden's motion and dismissed the petition.

## Appeal: Standard of Review

{¶ 7} In his appeal as of right, Goudlock asserts that the court of appeals erred in dismissing his petition. Dismissal under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations are presumed true and all reasonable inferences are made in Goudlock's favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus. *Keith v. Bobby,* 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10.

{¶ 8} The court of appeals dismissed the petition because res judicata barred it, Goudlock had failed to comply with the commitment-paper requirement, and he had filed the petition in the wrong county.

### Res Judicata Is Not a Proper Basis for Dismissal

{¶ 9} The court of appeals held that res judicata barred Goudlock's second habeas corpus petition. It is true that res judicata generally bars a successive habeas corpus petition. *Everett v. Eberlin*, 114 Ohio St.3d 199, 2007-Ohio-3832, 870 N.E.2d 1190, ¶ 8.

{¶ 10} But Goudlock's first habeas corpus petition was dismissed without prejudice. A dismissal without prejudice constitutes an adjudication other than on the merits and prevents the dismissal from having res judicata effect. See *Chadwick v. Barba Lou, Inc.* (1982), 69 Ohio St.2d 222, 226, 23 O.O.3d 232, 431 N.E.2d 660, fn. 4; *Hensley v. Henry* (1980), 61 Ohio St.2d 277, 278, 15 O.O.3d 283, 400 N.E.2d 1352, fn. 3.

{¶ 11} Therefore, the court of appeals erred in concluding that res judicata barred Goudlock's second habeas corpus petition.

### Reversal Is Not Appropriate, Because the Court of Appeals Properly Dismissed the Habeas Corpus Petition

{¶ 12} Even though the court of appeals erred in holding that res judicata barred Glibert's successive habeas corpus petition, "[r]eviewing courts are not authorized to reverse a correct judgment on the basis that some or all of the lower court's reasons are erroneous." *State ex rel. McGrath v. Ohio Adult Parole Auth.*, 100 Ohio St.3d 72, 2003-Ohio-5062, 796 N.E.2d 526, ¶ 8.

{¶ 13} For the following reasons, the court of appeals properly dismissed Goudlock's petition.

{¶ 14} First, Goudlock's petition was fatally defective and subject to dismissal because he failed to attach copies of all of his pertinent commitment papers. R.C. 2725.04(D); *Tisdale v. Eberlin*, 114 Ohio St.3d 201, 2007-Ohio-3833, 870 N.E.2d 1191, ¶ 6. Goudlock did not attach to his petition the juvenile court bindover entry that he is challenging. *Day v. Wilson*, 116 Ohio St.3d 566, 2008-Ohio-82, 880 N.E.2d 919, ¶ 4. "That entry could have established compliance with the bindover procedure." *State ex rel. Gilmore v. Mitchell* (1999), 86 Ohio St.3d 302, 303, 714 N.E.2d 925.

{¶ 15} Goudlock claims that he complied with R.C. 2725.04(D) because he could not obtain the bindover entry despite his best efforts. See R.C. 2725.04(D) ("A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy"). Yet Goudlock did not include even a conclusory allegation in his petition that he could not procure the bindover entry. See *Chari v. Vore* (2001), 91 Ohio St.3d 323, 328, 744 N.E.2d 763 ("Unsupported conclusions contained in a habeas corpus petition are not considered admitted and are insufficient to withstand dismissal"). Even Goudlock's self-serving affidavit attached to his response to the warden's dismiss-

al motion failed to detail specific facts to support his contention that the bindover entry could not be obtained without impairing the efficiency of the remedy. See *Holloway v. Clermont Cty. Dept. of Human Servs.* (2001), 92 Ohio St.3d 553, 555, 751 N.E.2d 1055 (habeas corpus petition must include specific facts to support claim for relief in order to avoid dismissal). Goudlock's reliance on an affidavit attached to the warden's motion to dismiss is similarly unavailing because it indicates only that the *transcript* and *notes* from the bindover hearing have been destroyed pursuant to court policy—there is no mention that the *bindover entry* has been destroyed.

{¶ 16} Second, in his petition, Goudlock admitted that at the bindover hearing, the prosecuting attorney informed the juvenile court that Goudlock had received the required mental and physical examinations. The juvenile court's bindover entry presumably would have relied on this representation and thereby would have facially rebutted Goudlock's claims that he had not received the requisite examinations. Under these circumstances, Goudlock had an adequate remedy in the ordinary course of law by appeal to raise his claims because the sentencing court did not patently and unambiguously lack jurisdiction. *Day*, 116 Ohio St.3d 566, 2008-Ohio-82, 880 N.E.2d 919, ¶ 5; *Smith v. Bradshaw*, 109 Ohio St.3d 50, 2006-Ohio-1829, 845 N.E.2d 516, ¶ 10–12.

{¶ 17} Finally, Goudlock erroneously filed his petition in a county in which he was not incarcerated. "If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of *the county in which the institution is located* has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge." (Emphasis added.) R.C. 2725.03. See also *Sevayega v. Bobby*, Mahoning App. No. 03 MA 48, 2003-Ohio-6395, 2003 WL 22839346, ¶ 4 (habeas corpus petition filed in county different from one in which petitioner is confined was not properly filed even though it reached the same court of appeals).

## Conclusion

{¶ 18} Based on the foregoing, Goudlock's petition failed to state a viable habeas corpus claim. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

David B. Malik, for appellant.

Nancy Hardin Rogers, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.