[Cite as *Hoskins v. Swanson*, 2011-Ohio-3186.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| LANCE HOSKINS | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Petitioner | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-00126 |
| TIMOTHY SWANSON, SHERIFF | : |  |
|  | : |  |
| Relator | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Petition for Writ of Habeas Corpus

JUDGMENT:                                   Dismissed

DATE OF JUDGMENT ENTRY:     June 27, 2011

APPEARANCES:

For Petitioner                                   For Relator

LEE HOSKINS PRO SE                   NO APPEARANCE
4500 Atlantic Blvd.
Canton, OH 44705

*Gwin, P.J.*

{¶1} Petitioner, Lance Hoskins, has filed a Petition for Writ of Habeas Corpus alleging unlawful detention based upon his contention that his classification as a tier three sex offender violates the separation of powers doctrine. Further, he claims his detention is unlawful because Ohio does not have the authority to classify him as a sex offender since the state in which he was originally convicted did not impose registration requirements upon Petitioner. We find it unnecessary to address those claims because Appellant has failed to comply with the procedural requirements for a habeas petition.

{¶2} A review of the Petition reveals Petitioner has failed to attach the necessary commitment papers in compliance with R.C. 2725.04(D). The Supreme Court has held failure to comply with this requirement is a fatal defect which cannot be cured, "[C]ommitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application." *Bloss v. Rogers*, 65 Ohio St.3d 145, 602 N.E.2d 602. See also, *Boyd v. Money*, 82 Ohio St.3d 388, wherein the Supreme Court held, "Habeas corpus petitioner's failure to attach pertinent commitment papers to his petition rendered the petition fatally defective, and petitioner's subsequent attachment of commitment papers to his post-judgment motion did not cure the defect." R.C. § 2725.04(D).

{¶3} Petitioner states in the Petition that "A copy of the commitment sheet could not be attached as it would impair the efficiency of the remedy." This conclusory

statement is insufficient to excuse the waiver of the requirement to attach all commitment papers.  The Supreme Court has similarly upheld dismissal of a petition for failing to attach commitment papers where a petitioner makes a bare assertion that the papers could not be attached, "Even [Petitioner's] self-serving affidavit attached to his response to the warden's dismissal motion failed to detail specific facts to support his contention that the [commitment papers] could not be obtained without impairing the efficiency of the remedy." *Goudlock v. Voorhies* (2008), 119 Ohio St.3d 398, 400-401, 894 N.E.2d 692, 695.

{¶4}  We likewise find failure to include all pertinent entries has made a complete understanding of the Petition impossible.

{¶5}  For this reason, Petitioner's request for Writ of Habeas Corpus is dismissed.

By Gwin, P. J.,

Hoffman, J., and

Farmer, J., concur

 

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

WSG:clw 0608

[Cite as *Hoskins v. Swanson*, 2011-Ohio-3186.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LANCE HOSKINS | : | |
| | : | |
| Petitioner | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TIMOTHY SWANSON, SHERIFF | : | |
| | : | |
| | : | |
| Relator | : | CASE NO. 2011-CA-00126 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment is dismissed.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER