[Cite as *Baker v. Miller*, 2011-Ohio-5470.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

MICHAEL L. BAKER, )
 ) CASE NO. 11 BE 28
 PETITIONER, )
 )
 - VS - ) OPINION
 ) AND
MICHELE MILLER, ) JUDGMENT ENTRY
 )
 RESPONDENT. )

CHARACTER OF PROCEEDINGS: Petition for Writ of Habeas Corpus

JUDGMENT: Petition Dismissed.

APPEARANCES:

For Petitioner: Michael L. Baker, Pro-se
Inmate #A583644
London Correctional Institution
P.O. Box 69
1580 State Route 56
London, OH  43140

For Respondent: Mike DeWine
Ohio Attorney General
Maura O'Neill Jaite
Asst. Attorney General
Criminal Justice Section, Habeas Unit
150 East Gay Street, 16th Floor
Columbus, OH  43215

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: September 28, 2011

PER CURIAM:

{¶1} On July 28, 2011, Petitioner Michael L. Baker, filed a pro-se petition requesting a writ of habeas corpus. Respondent Michelle Miller, Warden of the Belmont Correctional Institution in Belmont County, filed a motion to dismiss and/or motion for summary judgment on August 29, 2001. For the following reasons, Respondent's motion for summary judgment is granted, Petitioner's request for a writ of habeas corpus is denied and the petition is dismissed.

{¶2} It can be gleaned from the record that Petitioner was convicted of two counts of robbery (R.C. 2911.01(A)(2)) in the Stark County Court of Common Pleas in 2004, and that imposition of Petitioner's sentence upon those convictions was suspended and he was placed on probation. On April 5, 2010, Petitioner's community control sanctions were revoked due to violations and his original four-year prison sentence was imposed. In his habeas petition before this Court, Petitioner appears to contend that his original sentence is void for various reasons and that a writ should therefore issue.

{¶3} We cannot reach the merits of the allegations contained in the petition because we lack jurisdiction to proceed. While R.C. 2705.02 generally grants this Court the authority to issue writs of habeas corpus, R.C. 2705.03 further provides:

{¶4} "If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, *no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge.* Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void." (Emphasis added.)

{¶5} According to Ohio Department of Rehabilitation & Correction records, attached as an exhibit to Respondent's motion for summary judgment, Petitioner was not incarcerated in Belmont County on July 28, 2011, the date he filed his habeas petition, having been transferred to the Lorain Correctional Institution, in Lorain County, six days earlier, on July 22, 2011. Petitioner is currently incarcerated at the London Correctional

Institution. When a prisoner files a habeas petition in a county other than where he is incarcerated, the court of that county lacks jurisdiction to decide the merits of the petition. See *Brown v. Hall*, 123 Ohio St.3d 381, 2009-Ohio-5592, 916 N.E.2d 807, at ¶1, citing *Goudlock v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787, 894 N.E.2d 692, at ¶17, citing *Sevayega v. Bobby*, 7th Dist No. 03 MA 48, 2003-Ohio-6395, at ¶4.

{¶6} Accordingly, Petitioner's request for a writ of habeas corpus is denied. Petition dismissed.

{¶7} Costs taxed against Petitioner. Final order. Clerk to serve notice on the parties as provided by the Ohio Rules of Civil Procedure.

DeGenaro, J., concurs.

Donofrio, J., concurs.

Vukovich, J., concurs.