[Cite as *State ex rel. Hunley v. Wainwright*, 2021-Ohio-72.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Harold Hunley, | : | |
| Relator, | : | |
| v. | : | No. 20AP-208 |
| Lyneal Wainwright, Warden, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on January 14, 2021

*Harold Hunley,* pro se.

IN HABEAS CORPUS
ON SUA SPONTE DISMISSAL

BEATTY BLUNT, J.

{¶ 1} Relator, Harold Hunley, filed this original action requesting this court to issue a writ of habeas corpus and issue an order terminating his detention. Hunley is incarcerated by the Ohio Department of Rehabilitation and Correction ("ODRC") on convictions from Franklin County and Stark County.

{¶ 2} It appears that Hunley is being detained on a combination of sentences from six separate cases, three of which are definite sentences from Franklin County, one of which is a definite sentence from Stark County, and the other two of which are pre-Senate Bill 2 indefinite sentences from Stark County. In Franklin CP. Nos. 07CR-8887, 08CR-3191, and 08CR-3192 he is serving concurrent sentences of 6 years for each case, in Stark CP. No. 2001CR-0113(B), he is serving a sentence of 6 years; and in Stark CP. Nos. 89-

No. 20AP-208

9098 and 92-2692, he is serving indefinite sentences of 3 to 15 years in each case. Hunley argues that these sentences should have been aggregated concurrently but that ODRC has incorrectly aggregated some of them consecutively to extend his incarceration. He contends that his maximum aggregate sentence of 30 years expired in March 2019 but that he was denied release by the parole board in October 2019, and he was at that time ordered to serve the entirety of his remaining sentence with a release date set for February 2025.

{¶ 3} Hunley filed a petition for a writ of habeas corpus to this court on April 8, 2020. No answer was filed by the respondent. Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. The magistrate's decision is appended hereto. The magistrate determined that because petitioner is incarcerated in Marion County but filed his writ of habeas corpus in Franklin County, this court does not have jurisdiction over the writ pursuant to R.C. 2725.03 and therefore, recommended this court dismiss the petition. No objections to the magistrate's recommendation have been filed. Pursuant to Civ.R. 53(D)(4), we review the recommendation for adoption by the court.

{¶ 4} At the time he filed his petition to this court, Hunley was housed by respondent Warden Lyneal Wainwright at the Marion Correctional Institution in Marion County, Ohio, and he remains detained there. R.C. 2725.03 provides in part that "[i]f a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, *no court or judge other than the courts or judges of the county*

No. 20AP-208

*in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus* for his production or discharge." (Emphasis added.)

{¶ 5}　In *Goudlock v. Vorhiees*, 119 Ohio St.3d 398, 2008-Ohio-4787, the Supreme Court of Ohio held that an inmate's petition for a writ of habeas corpus was properly dismissed because the inmate filed the petition in a county in which the inmate was not incarcerated, contrary to the requirements of the statute. This case involves an identical situation, as Hunley has filed his petition for habeas corpus relief in a county where he is not confined. For this reason, dismissal of the writ for lack of territorial jurisdiction is proper. *See also State ex rel. Jefferson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 19AP-366, 2019-Ohio-4025, at ¶ 4 (adopting magistrate's decision and dismissing petition for lack of territorial jurisdiction where habeas petitioner "incorrectly" filed action in county where he was not confined).

{¶ 6}　Upon review of the magistrate's decision and independent review of the record, we find the magistrate properly determined the facts and applied the appropriate law. We accordingly adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, and dismiss the relator's petition for writ of habeas corpus.

*Action dismissed.*

BROWN and KLATT, JJ., concur.

———————

No. 20AP-208

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Harold Hunley,                :

        Relator,                :

v.                :                No.  20AP-208

Lyneal Wainwright, Warden,                :                (REGULAR CALENDAR)

        Respondent.                :

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 15, 2020

---

*Harold Hunley,* pro se.

---

IN HABEAS
ON SUA SPONTE DISMISSAL

**{¶ 7}**   Relator, Harold Hunley, has filed this original action requesting this court issue a writ of habeas corpus ordering respondent, Lyneal Wainwright, Warden, at Marion Correctional Institution, to immediately release him from incarceration because his sentence has expired.

Findings of Fact:

**{¶ 8}**   1. Relator is an inmate currently incarcerated at Marion Correctional Institution.

**{¶ 9}**   2. Marion Correctional Institution is located in Marion County, Ohio.

No. 20AP-208

{¶ 10} 3. The Tenth District Court of Appeals in which relator has filed this petition

for a writ of habeas corpus is located in Franklin County, Ohio.

Conclusions of Law:

R.C. 2725.03 provides:

If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void.

{¶ 11} A writ of habeas corpus is an extraordinary remedy that is available only in

cases "where there is an unlawful restraint of a person's liberty and no adequate remedy at

law." *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980.

{¶ 12} Inasmuch as this court lacks territorial jurisdiction over relator's habeas

corpus petition, it is this magistrate's decision that this court sua sponte dismiss his

complaint.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).