[Cite as *Pinkins v. Mahoning Cty. Task Force*, 2021-Ohio-2414.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

SONYA PINKINS,

Plaintiff-Appellee,

v.

MAHONING COUNTY TASK FORCE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 MA 0110**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 19 CV 2024

**BEFORE:**
Carol Ann Robb, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Michael Rossi*, Guarnieri & Secrest, P.L.L., 151 East Market Street. P.O. Box 4270, Warren, Ohio  44482 for Plaintiff-Appellee and

*Atty. Paul J. Gains,* Mahoning County Prosecutor*,* 21 West Boardman Street, 6th Floor, Youngstown, Ohio   44503, *Atty. Gina DeGenova Zawrotuk,* Assistant Prosecuting

Attorney, Civil Division, *Atty. Mark D'Apolito*, Asst. Prosecutor/Asst. Law Director*,* 21 West Boardman Street, 5th floor. Youngstown, Ohio 44503 for Defendant-Appellant

Dated:  June 22, 2021

---

**Robb, J.**

{¶1}  Defendant-Appellant Mahoning County Law Enforcement Task Force appeals the decision of Mahoning County Common Pleas Court denying its motion to dismiss and motion for summary judgment.  The two issues raised in this case are:  is Appellant sui juris; and if so, is sovereign immunity applicable?  We find Appellant is not sui juris and therefore, the second issue is moot.  The trial court's decision denying the motion to dismiss is reversed and the matter is remanded with instructions for the trial court to dismiss the action.

### Statement of the Facts and Case

{¶2}  Appellee Sonya Pinkins was married to Rickie Pinkins.  In 2016, their home in Liberty Township was searched by Appellant in conjunction with a warrant looking for evidence of Rickie Pinkins' illegal drug activity.  Two vehicles, a 2008 Cadillac Escalade and 2002 Chevy Truck, were seized.  Rickie Pinkins was indicted on multiple charges including two counts of trafficking cocaine by the Mahoning County Grand Jury.  The indictment included forfeiture specifications for the vehicles.  The state and Rickie Pinkins agreed that Rickie would provide $10,000 to be held in lieu of the vehicles and that amount represented the vehicles' fair value.  10/11/16 J.E. Case No. 16-CR-556.  The judgment entry indicated, "The Task Force will thereafter release the vehicles to Defendant and hold the $10,000 for the pendency of the case and until disposed of according to law."  10/11/16 J.E. Case No. 16-CR-556.  Appellee remitted to Appellant $10,000 by a Cashier's Check on October 24, 2016.

{¶3}  Rickie Pinkins and the state entered a plea agreement; he pled to two counts trafficking cocaine and the forfeiture specifications.  Rickie was sentenced to 30 months, but there is nothing in the sentencing entry regarding forfeiture.  10/26/17 J.E. Case No. 16 CR 556.  The trial court issued a separate judgment entry on forfeiture approximately two weeks after sentencing.  11/15/17 J.E. Case No. 16 CR 556.  The trial

Case No. 20 MA 0110

court ordered the $10,000 forfeited to Appellant in lieu of the vehicles contained in the forfeiture specification to be distributed to Appellant in the amount of $8,000 and to the Prosecutor's office in the amount of $2,000.  11/15/17 J.E. Case No. 16 CR 556.

**{¶4}**    When Appellee's attempts after the plea to get her money back failed, she filed suit against Appellant.  The original complaint sounded in replevin and sought the return of the entire $10,000 from Appellant.  She argued the vehicles were bought with her own money, not profits from Rickie Pinkins' (her now ex-husband) drug activity. She also contended the payment was manifestly excessive.  10/4/19 Complaint.

**{¶5}**    Appellant answered and admitted it had received the $10,000, but that the amount was held in exchange for the release of the Cadillac Escalade and Chevy Truck. 10/22/19 Answer.

**{¶6}**    Appellee filed multiple motions to amend the complaint.  12/17/19 Motion to Amend Complaint; 5/6/20 Motion for Leave to Amend Complaint; 8/24/20 Motion for Leave to File Second Amended Complaint.  The May 2020 motion to amend sought leave to amend the complaint to include an action for conversion.  5/6/20 Motion for Leave to Amend Complaint.  Appellant opposed the motion asserting it would be futile because it is not sui juris and thus, the action will not survive a motion to dismiss. 6/3/20 Appellant Motion in Opposition to Motion for Leave to Amend Complaint.  The trial court granted the May 6, 2020 request to amend and ordered the amended complaint to be filed within 14 days of the judgment. 6/22/20 J.E. The timely amended complaint asserting a conversion claim was filed; Appellee asserted Appellant converted her money ($10,000) for its own use and refused to release it.  7/3/20 Amended Compliant.

**{¶7}**    Appellant filed a motion for summary judgment arguing replevin fails because the money is not subject to a replevin action since it has been spent, co-mingled, or indistinguishable.  It further asserted the failure to release the money to her was not wrongful given the court's judgment entries ordering the disbursement of the money on the forfeiture specifications. 4/15/20 Appellant's Summary Judgment Motion. This motion for summary judgment did not address the conversion claim because at the time the motion was filed the complaint had not been amended to include conversion.

**{¶8}** Appellee filed a motion in opposition to summary judgment. She indicated she did not oppose summary judgment on replevin, but asserted the conversion claim remains. 6/25/20 Appellee Opposition to Appellant's Summary Judgment Motion.

**{¶9}** Appellant then filed a motion to dismiss the complaint asserting it is not sui juris; it cannot be sued. It alternatively argued, if it could be sued, sovereign immunity applied and as such, it was immune from intentional torts such as conversion. It also argued the two-year statute of limitations had expired on October 24, 2018, two years after she had tendered the payment. 7/20/20 Motion to Dismiss Complaint.

**{¶10}** Appellee opposed the motion to dismiss asserting Appellant is sui juris and political subdivision immunity does not apply. 8/25/20 Appellee Reply to Motion to Dismiss. Specifically, as to political subdivision immunity, it asserted that it is unavailable to vindicate Appellee's civil rights arising under federal law. 8/25/20 Appellee Reply to Motion to Dismiss.

**{¶11}** Following the Motion to Dismiss, Appellee moved for leave to amend the complaint again to clarify when Appellant "seized her vehicles, releasing them only upon her payment of the sum of $10,000.00 which it converted to its own beneficial use and enjoyment, it was at all times acting under color of state law for 42 USC § 1983 purposes." 8/24/20 Motion for Leave to File Second Amended Complaint.

**{¶12}** Appellant opposed the motion for leave to amend the complaint once again arguing it would be futile because Appellant is not sui juris.

**{¶13}** The trial court did not rule on Appellee's August 24, 2020 motion for leave to amend. It did, however, rule on the motion to dismiss and motion for summary judgment and stated, "This matter came before the Court for consideration of the Defendant's Motion to Dismiss and Motion for Summary Judgment. Upon review, the Motions are overruled." 10/14/20 J.E.

**{¶14}** Appellant timely appealed. 10/19/20 Notice of Appeal.

Standard of Review

**{¶15}** Although the trial court denied both Appellant's motion to dismiss and motion for summary judgment, the appeal focuses solely on the decision to deny the motion to dismiss. In reviewing a ruling on a motion to dismiss, we must presume that all of the factual allegations in the petition are true and make all reasonable inferences in

favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994). A petition can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787, 894 N.E.2d 692, ¶ 7.

**{¶16}** The trial court's denial of Appellant's motion to dismiss asserting sovereign immunity is a final appealable order. R.C. 2744.02(C) ("An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."). The motion to dismiss raised both sui juris and sovereign immunity asserting that for both reasons the matter must be dismissed. Admittedly, the trial court's judgment entry does not explicitly state on what basis (sui juris or immunity) it denied the motion to dismiss. However, the ruling is clearly a finding that Appellant was sui juris and sovereign immunity did not clearly apply from the face of the complaint; in order to deny the motion to dismiss, the trial court had to conclude that both Appellant was capable of being sued and was not immune (or there was a question remaining on immunity) given the record before it.

**{¶17}** As to the denial of the motion to dismiss, ordinarily a denial of a motion to dismiss is not a final appealable order. *State Auto. Mut. Ins. Co. v. Titanium Metals Corp.,* 108 Ohio St.3d 540, 2006-Ohio-1713, 844 N.E.2d 1199, ¶ 8. However, in the context presented, sui juris is a preliminary question to immunity. If an entity is not capable of being sued, then immunity would not apply. Therefore, it is reviewable.

First Assignment of Error

"Did the trial court err when it denied Defendant's motion to dismiss on the grounds that Defendant was not sui juris and cannot be sued?"

**{¶18}** Appellant asserts it is not sui juris; it does not have the legal capacity to sue and be sued. In support of its position, it contends if the General Assembly intended for it to have the legal capacity to sue and be sued it would have explicitly conferred that ability. It cites examples of statutes that confer the legal capacity to sue and be sued on public boards, such as the public employees retirement board (R.C. 145.09), County Board of Commissioners (R.C. 305.12), state teacher's retirement board (R.C. 3307.03), Boards of Education (R.C. 3313.17), PUCO (R.C. 4901.02) and Port Authorities (R.C.

4582.02). It then cites case law holding law enforcement agencies are not sui juris. Consequently, based on that legal authority, it concludes a law enforcement task force, such as it is, is not sui juris because it is a law enforcement agency and the Ohio General Assembly did not specifically confer through statutory law sui juris status to it.

{¶19} Appellee counters asserting per Appellant's answer to interrogatory number two, Appellant is a multi-jurisdictional group that works together to investigate crimes. She contends under R.C. 1745.11, which stated an "unincorporated nonprofit association has the capacity to sue and be sued in its own name", Appellant is sui juris.

{¶20} There is no Ohio appellate case law on whether a task force or a multi-jurisdictional law enforcement agency, such as Appellant, is sui juris. The case law is clear a township or city police department is not sui juris. We have explained neither a township nor city police department is sui juris.[1] *Parmelee v. Schnader*, 7th Dist. Mahoning No. 17 MA 0026, 2018-Ohio-707, ¶ 39 (citing a prior case that a city police department is not sui juris and applying that principle to a township police department). *See also Barnes v. Cleveland Div. of Records Administration*, 8th Dist. Cuyahoga No. 109682, 2021-Ohio-212, ¶ 14-16 (Police department is not sui juris for purposes of civil tort, but is sui juris for purpose of public records act due to "public office" language in public records act.). The real party in interest is the township or city itself. *Parmelee.*

{¶21} As stated above, Appellant does cite to multiple statutes that confer the ability to be sued on state boards/commissions. In a review of the statutes, we cannot find one applicable to a multi-jurisdictional task force conferring the ability to be sued. For instance, R.C. 737.04 provides a municipal corporation may enter into contracts with other municipal corporations, townships, police districts, or county sheriffs for police services and indicates immunity is applicable. Potentially the General Assembly could have conferred the ability to be sued on a multi-jurisdiction police force, such as Appellant, within that statute, however it did not.

---

[1]Case law indicates a County Sheriff's Department also is not sui juris. *Ciganik v. Kaley*, 11th Dist. Portage No. 2004-P-0001, 2004-Ohio-6029, ¶ 40, citing *Rhodes v. McDannel* (C.A.6, 1991), 945 F.2d 117, 120; *Bookman v. Etzwiler & Ohio Uniforms Ltd., Inc.*, 5th Dist. Richland No. 1988 (Sept. 29, 1981) (stating "'Ashland County Sheriff's Department' is neither a legal entity nor sui juris nor a political subdivision nor a 'taxing authority' with funds separate from the Board of County Commissioners with which to buy insurance.").

**{¶22}** We disagree with Appellee's conclusion that R.C. 1745.11, stating an "unincorporated nonprofit association has the capacity to sue and be sued in its own name" applies to Appellant. The record before this court indicates Appellant is a multi-jurisdictional police force governed by a Memorandum of Understanding (MOU), which is a part of the record. The MOU indicates the agency members are Adult Parole Authority, Austintown Police Department, Beaver Police Department, Boardman Police Department, Canfield Police Department, Federal Bureau of Investigation, Goshen Township Police Department, Howland Township Police Department, City of Hubbard Police Department, Liberty Police Department, Mahoning County Prosecutor, Mahoning County Sheriff's Office, Milton Township Police Department, New Middletown Police Department, Poland Township Police Department, Sebring Police Department, Springfield Township Police Department, Struthers Police Department, Vienna Township Police Department, Trumbull County Sheriff's Office, City of Warren Police Department, Youngstown Police Department, and Youngstown State University Police Department. These members are primarily law enforcement agencies and, pursuant to the terms of the MOU, many things are governed by the member agencies directive. For instance, personnel assigned to Appellant remain the employees of their respective agencies; member agencies compensate their officers for services rendered which includes wages, overtime (if not fully covered by Appellant, but the overtime rate is set by member agency), injury, death, and retirement benefits and insurance; members of Appellant follow their own agency's policy concerning firearm discharge and use of deadly force and use of less than lethal force; and force investigations are at the sole discretion of the member agency. Admittedly, the MOU indicates some financial matters are controlled by a Board of Control and a Fiduciary Agency. The Board of Control and Fiduciary Agency are determined by the terms of the MOU. However, that distinction and the fact there is a MOU does not mean R.C. 1745.11 is applicable. The MOU is merely an agreement between agencies, most (if not all) of which are not sui juris.

**{¶23}** Consequently, Appellant which is equivalent to a governmental police department is not sui juris; Appellant is primarily comprised of government law enforcement agencies and carries out the duties of law enforcement agencies. The General Assembly has not statutorily dictated Appellant can be sued. Similar to case law

governing city and township police departments, the real party of interest must be sued. The trial court erred in denying the motion to dismiss.

**{¶24}**  This assignment of error has merit.

<u>Second Assignment of Error</u>

"Did the trial court err when it denied Defendant's motion to dismiss on the grounds of immunity under Chapter 2744 et seq.?"

**{¶25}**  This assignment of error is an alternative to the first assignment of error. Due to our resolution of the first assignment of error, this assignment of error is moot.

<u>Conclusion</u>

**{¶26}**  The trial court's denial of the motion to dismiss is reversed.  The matter is remanded to the trial court with instructions to dismiss the action because Appellant is not sui juris.


Donofrio, P J., concurs.

Waite, J., concurs.

———————————

For the reasons stated in the Opinion rendered herein, the assignments of error are sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed. We hereby remand this matter to the trial court to dismiss the action according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**