[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Robinson v. Fender*, Slip Opinion No. 2022-Ohio-3701.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3701

THE STATE EX REL. ROBINSON, APPELLANT, *v.* FENDER, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Robinson v. Fender*, Slip Opinion No. 2022-Ohio-3701.]**

*Habeas corpus—Inmate has been transferred to a prison not located in the district in which he filed his petition—Court of appeals' judgment dismissing petition for failure to state a claim upon which relief can be granted affirmed.*

(No. 2022-0279—Submitted August 2, 2022—Decided October 19, 2022.)

APPEAL from the Court of Appeals for Trumbull County, No. 2021-T-0048, 2022-Ohio-580.

_____

**Per Curiam.**

{¶ 1} Appellant, Jackie N. Robinson, appeals the judgment of the Eleventh District Court of Appeals dismissing his petition for a writ of habeas corpus against

appellee, Douglas Fender, warden of the Lake Erie Correctional Institution. We affirm.

{¶ 2} Robinson is serving an aggregate prison term of 12 to 56 years for several criminal convictions dating back to 1976. Since his incarceration in 1976, Robinson has been paroled, has reoffended, and has been returned to prison for new felonies several times.

{¶ 3} In 2021, Robinson filed a petition for a writ of habeas corpus in the Eleventh District. He alleged that his prison term expired on October 11, 2011, and that he was entitled to immediate release.

{¶ 4} The warden filed a motion to dismiss for failure to state a claim upon which relief can be granted. In February 2022, the Eleventh District granted the warden's motion, holding that it lacked jurisdiction to review the merits of Robinson's petition because he had been transferred to Mansfield Correctional Institution in Richland County while the case was pending.

{¶ 5} Under R.C. 2725.03, "[i]f a person restrained of his liberty is an inmate of a state * * * correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge." We have strictly construed this statutory language in previous cases. *See Brown v. Hall*, 123 Ohio St.3d 381, 2009-Ohio-5592, 916 N.E.2d 807, ¶ 1 (holding that "[e]ven though [the] petition [for a writ of habeas corpus] reached the same district court of appeals it would have had it been filed in the correct county, the court of appeals still lacked jurisdiction to determine the merits"); *Goudlock v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787, 894 N.E.2d 692, ¶ 17-18 (affirming dismissal of habeas corpus petition not filed in the county where inmate was confined).

2

{¶ 6} Robinson does not dispute that he has been transferred to the Mansfield Correctional Institution in Richland County, which is in the Fifth District. Thus, the court of appeals correctly dismissed his petition, and we affirm the court's judgment. We also deny as moot the warden's motion to strike Robinson's merit brief.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Jackie N. Robinson, pro se.

Dave Yost, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

_____