[Cite as *Plaza v. Black*, 2023-Ohio-1787.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

ROBERT PLAZA

    Petitioner

    v.

JENNIFER BLACK, WARDEN

    Respondent

C.A. No.    22CA011932

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: May 30, 2023

PER CURIAM.

**{¶1}** Robert Plaza has petitioned this Court for a writ of habeas corpus to compel Respondent, Jennifer Black, to release him from custody. Warden Black has moved to dismiss. Mr. Plaza responded in opposition and, later, filed a notice of change of address stating that he had been moved to a different prison. For the following reasons, this Court dismisses the petition.

**{¶2}** When Mr. Plaza filed this action, he was incarcerated in the Lorain Correctional Institution in Lorain County. That made the Lorain County Court of Appeals the appropriate court to consider his petition for writ of habeas corpus:

> If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, *no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus* for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void.

(Emphasis added) R.C. 2725.03.

{¶3}     After this action was filed, and after the Warden moved to dismiss and Mr. Plaza responded, Mr. Plaza has filed a notice of change of address with the Lorain County Clerk of Courts.  That notice informed the Court that Mr. Plaza has been transferred to the Richland Correctional Institution, located in Richland County.  Thus, Mr. Plaza is no longer incarcerated in Lorain County in the territorial jurisdiction of the Lorain County Court of Appeals.

{¶4}     When a prisoner has been transferred to a prison outside the territorial jurisdiction of the court, that court loses jurisdiction to consider the petition for writ of habeas corpus.  *State ex rel. Robinson v. Fender*, Slip Opinion No. 2022-Ohio-3701, ¶ 4, 6.  The Supreme Court has "strictly construed" the language of R.C. 2725.03.  *Id.* citing *Brown v. Hall*, 123 Ohio St.3d 381, 2009-Ohio-5592, ¶ 1; *Goudlock v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787, ¶ 17-18.

{¶5}     Because Mr. Plaza has been transferred to a prison outside of the territorial jurisdiction of the Lorain County Court of Appeals, this Court must dismiss the petition.  *Robinson* at ¶ 6.

{¶6}     This case is dismissed.  Costs are taxed to Mr. Plaza.

{¶7}     The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal.  *See* Civ.R. 58.

JENNIFER L. HENSAL
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

ROBERT PLAZA, Pro Se, Petitioner.

DAVE YOST, Attorney General, and JERRI L. FOSNAUGHT, Assistant Attorney General, for Respondent.