[Cite as *Kelley v. Gray*, 2023-Ohio-3336.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

WILLIAM L. KELLEY,

Petitioner,

v.

DAVID GRAY, WARDEN,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0078**

---

Writ of Habeas Corpus

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Denied.

---

William L. Kelley, *Pro se*, #A560-890, Belmont Correctional Institution, 68518 Bannock Road, St. Clairsville, Ohio 43950, Petitioner and

*Atty. Dave Yost*, Ohio Attorney General and *Atty. William H. Lamb*, Assistant Attorney General, Criminal Justice Section, 8040 Hosbrook Road, Suite 300, Cincinnati, Ohio 45236, for Respondent.

Dated: September 14, 2023

**PER CURIAM.**

**{¶1}** Petitioner William L. Kelley has filed this original action for a writ of habeas corpus seeking his immediate release from the Belmont Correctional Institution (BECI). BECI is one of the Ohio Department of Rehabilitation and Correction's prison facilities. Kelley is a self-represented prison inmate whose petition names the BECI's warden, David Gray, as Respondent. Kelley argues that his conviction was the product of prosecutorial misconduct, improper jury instructions, and flawed verdict forms. The warden has filed a motion to dismiss under Civ.R. 12(B)(6). Because we lack jurisdiction over Kelley's petition, we must grant the warden's motion and dismiss the petition.

**{¶2}** R.C. 2725.02 grants to this Court the ability to authorize writs of habeas corpus. However, R.C. 2725.03 directs that "If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, * * * no court or judge other than the court or judges of *the county in which the institute is located* has jurisdiction to issue or determine a writ of habeas corpus * * *." (Emphasis added.) The Supreme Court has "strictly construed" the language of R.C. 2725.03. *State ex rel. Robinson v. Fender*, 170 Ohio St.3d 147, 2022-Ohio-3701, 209 N.E.3d 659, ¶ 5, citing *Brown v. Hall*, 123 Ohio St.3d 381, 2009-Ohio-5592, ¶ 1; *Goudlock v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787, ¶ 17-18. Thus, of particular relevance here, the Supreme Court has held that even though the petition for a writ of habeas corpus reached the same district court of appeals it would have had it been filed in the correct county, the court of appeals still lacked jurisdiction to determine the merits. *Brown v. Hall*, 123 Ohio St.3d 381, 2009-Ohio-5592, 916 N.E.2d 807, ¶ 1.

**{¶3}** Kelley is incarcerated in Belmont County, and yet he filed this petition with the Mahoning County Clerk of Courts. Although the petition would ultimately reach this Court whether filed in Belmont County or Mahoning County, the statute explicitly directs that Kelley must file in Belmont County.

**{¶4}** Accordingly, in consideration of the foregoing, IT IS ORDERED that Respondent's motion to dismiss is hereby GRANTED and this original action in habeas

corpus is DISMISSED. Writ denied. Any and all pending motions and unresolved filings are hereby dismissed as moot.

{¶5} IT IS FURTHER ORDERED, pursuant to Civ.R. 58, that the Clerk of the Mahoning County Court of Appeals shall immediately serve upon all parties (including unrepresented or self-represented parties) notice of this judgment and its date of entry upon the journal. Costs assessed to Petitioner.

**JUDGE MARK A. HANNI**

**JUDGE CHERYL L. WAITE**

**JUDGE DAVID A. D'APOLITO**