[Cite as *State ex rel. Swain v. Ohio Adult Parole Auth.*, 2017-Ohio-517.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Sean Swain, | : | |
| Relator, | : | |
| v. | : | No. 16AP-519 |
| The Ohio Adult Parole Authority et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

D E C I S I O N

Rendered on February 14, 2017

*Sean Swain,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Thomas C. Miller,* for respondents.

IN MANDAMUS
ON OBJECTIONS TO MAGISTRATE'S DECISION

KLATT, J.

{¶ 1} Relator, Sean Swain, commenced this original action in mandamus seeking an order compelling respondents, the Ohio Adult Parole Authority and the Ohio Department of Rehabilitation and Correction, to expunge his records of allegedly inaccurate information and to rehear relator's parole eligibility determination.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate found that relator failed to comply with R.C. 2969.25(C) because he failed to provide with his affidavit of indigency that was filed with his complaint a statement of the amount in his inmate account for each of the preceding six months as certified by the institutional

cashier. Therefore, the magistrate has recommended that this court sua sponte dismiss this action.

{¶ 3} Relator has filed objections to the magistrate's decision. In his objections, relator argues that subsequent to the filing of his complaint and affidavit of indigency, he filed an affidavit authenticating two requests for the prison cashier to send a six-month statement to the court. The record also reflects that approximately two weeks after relator filed his complaint, relator filed statements for his prison account covering the past six months. In essence, it appears that relator is attempting to retroactively comply with the requirements of R.C. 2969.25(C). Relator's argument is not supported by Ohio law.

{¶ 4} As noted by the magistrate, an inmate who seeks waiver of prepayment of the filing fee on the ground of indigency must file with the complaint an affidavit that includes: (1) a statement of the amount in the inmate's account for each of the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate. R.C. 2969.25(C). Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the requirements is ground for dismissal of the action. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, ¶ 5-7; *State ex rel. Ridenour v. Brunsman*, 117 Ohio St.3d 260, 2008-Ohio-854, ¶ 5-6.

{¶ 5} Our review of the record indicates that relator failed to file with his complaint and affidavit of indigency the documents required by R.C. 2969.25(C). Relator cannot cure this deficiency by attempting to comply with the statutory requirements after the fact. For this reason, we overrule relator's objections. We agree with the magistrate's recommendation to sua sponte dismiss relator's complaint due his failure to comply with R.C. 2969.25(C).

{¶ 6} Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we sua sponte dismiss this action. Relator's remaining pending motions are thereby rendered moot.

*Case dismissed.*

LUPER SCHUSTER and BRUNNER, JJ., concur.

———————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Sean Swain, | : | |
| Relator, | : | |
| v. | : | No. 16AP-519 |
| The Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

MAGISTRATE'S DECISION

Rendered on July 29, 2016

*Sean Swain,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Jason S. Wagner,* for respondent.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 7} Relator, Sean Swain, has filed this original action requesting that this court issue a writ of mandamus ordering the Ohio Adult Parole Authority and the Ohio Department of Rehabilitation and Correction to "expunge [his] records of inaccurate information * * * and to re-hear relator's prior parole eligibility hearings in which inaccurate information was relied upon, providing Relator a meaningful opportunity for parole based upon accurate factual findings."

Findings of Fact:

{¶ 8}   1. Relator is an inmate currently incarcerated at Warren Correctional Institution.

{¶ 9}   2. On July 14, 2016, relator filed this mandamus action.

{¶ 10}  3. At the time he filed his action, relator did file a prior actions affidavit.

{¶ 11}  4. At the time he filed his mandamus action, relator filed a motion to proceed in forma pauperis; however, relator failed to provide the relevant information, failed to ask for a waiver of the prepayment of fees, and failed to include a statement in his inmate account for each of the preceding six months, as certified by the institutional cashier.

Conclusions of Law:

{¶ 12} The magistrate recommends that this court sua sponte dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(C).

{¶ 13} In regard to filing fees, R.C. 2969.25(C) and 2969.22 distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1]  Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on the grounds of indigency must file an affidavit that includes: (1) a statement of the amount in the inmate's account for each of the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 14} Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action.  *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 15} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court of Ohio affirmed the judgment of the court of appeals from Medina County which had dismissed the complaint of George D. Pamer, an inmate at Mansfield Correctional Institution, for his failure to comply with the requirements of R.C. 2969.25(C).  Specifically, the court stated:

---

[1]Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars.  Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid.

Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.

In addition, nothing in R.C. 2969.25 required the court of appeals to afford Pamer the opportunity to pay the requisite filing fee before dismissing the case when Pamer expressly requested waiver of prepayment of those fees.

Finally, because Pamer did not prevail and did not establish his indigency, the court of appeals did not abuse its discretion in ordering him to pay the costs of the proceeding. See *State ex rel. Frailey v. Wolfe* (2001), 92 Ohio St.3d 320, 321, 750 N.E.2d 164; Civ.R. 54(D).

*Id.* at ¶ 5-7.

{¶ 16} Likewise, in *State ex rel. Ridenour v. Brunsman,* 117 Ohio St.3d 260, 2008-Ohio-854, the Supreme Court affirmed the judgment of the Ross County Court of Appeals which had dismissed the complaint filed by William L. Ridenour because of his failure to comply with R.C. 2969.25(C). In that case, Ridenour had filed a motion for reconsideration attaching a statement setting forth his inmate account balance for the six months preceding the filing of his complaint; however, the statement was not certified by the prison cashier.

{¶ 17} In affirming the judgment of the appellate court, the Supreme Court stated:

"The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003 Ohio 2262, 788 N.E.2d 634, P 5. Ridenour failed to comply with R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier."

> Moreover, although Ridenour claims that the court erred in failing to grant him leave to amend his complaint to comply with R.C. 2969.25(C)(1), he never filed a motion to amend his complaint. Instead, he filed a motion for reconsideration, which was "a nullity because his mandamus action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable."

*Id.* at ¶ 5-6.

{¶ 18} Pursuant to the above-cited authority and because relator cannot cure this deficiency now or at a later date, it is this magistrate's decision that this court should dismiss relator's complaint. Further, pursuant to the above-cited authority, inasmuch as relator did not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).