[Cite as *Robinson v. Fender*, 2020-Ohio-983.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| JACKIE N. ROBINSON, | : | **PER CURIAM OPINION** |
| Petitioner, | : | |
| - vs - | : | **CASE NO. 2019-A-0084** |
| D. FENDER, WARDEN, | : | |
| Respondent. | : | |

Original Action for Writ of Habeas Corpus

Judgment: Petition dismissed.

*Dave Yost*, Ohio Attorney General, and *Jerri L. Fosnaught*, Assistant Attorney General, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215 (For Petitioner).

*Jackie Robinson*, pro se, A554-458, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, Ohio 44030 (For Respondent).


PER CURIAM.

{¶1}     Petitioner, Jackie N. Robinson, seeks a writ of habeas corpus compelling his immediate release from the Lake Erie Correctional Institution.  His petition asserts that he is incarcerated pursuant to June 1979 convictions in the Summit County Court of Common Pleas and that these convictions are void because: (1) two of the three consecutive sentences imposed were unlawfully enhanced; and (2) there was impropriety in the bindover that deprived the sentencing court of jurisdiction. Respondent, Warden Douglas Fender, moves to dismiss arguing the petition fails to

state a claim for relief.

{¶2} In 1976, petitioner was convicted of burglary, a second-degree felony. R.C. 2911.12. He was sentenced to an indefinite prison term of two to fifteen years.

{¶3} After release from prison petitioner was found guilty of aggravated robbery, carrying a concealed weapon, and having a weapon under disability in his second Summit County case. In June 1979, he was sentenced to three indefinite prison terms consecutive to each other and to his remaining 1976 sentence.

{¶4} Appellant alleges that because burglary is not an offense of violence, he was not subject to, but received, enhanced sentences for carrying a concealed weapon and having a weapon under disability and that those sentences are therefore void.

{¶5} From before his 1976 conviction, when he committed the crimes enhanced, and at sentencing in 1979, burglary was deemed an enhancing offense of violence. R.C. 2901.01(I); *State v. McCain*, 48 Ohio Misc. 13, 15, 357 N.E.2d 420 (C.P.1976).

{¶6} Given that, petitioner fails to state a claim upon which relief can be granted. Civ.R. 12(B)(6).

{¶7} Petitioner also asserts that the sentencing court lacked jurisdiction to proceed with the 1979 criminal case because the bindover procedure was flawed. However, this issue is not properly before us because petitioner failed to attach his bindover papers to his petition as required. R.C. 2725.04(D).

{¶8} "[A] habeas petitioner is required to file all pertinent commitment papers along with the petition. R.C. 2725.04(D). Attaching only some of the paperwork is insufficient. *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 95 Ohio St.3d 70, 71

2

(2002). If any of the required commitment papers is not included with the petition, it is defective. *Id.* The Ohio Supreme Court has held that the commitment papers are necessary for a complete understanding of the petition. *Bloss v. Rogers*, 65 Ohio St.3d 145, 146 (1992). Further, the failure to file all commitment papers with the petition cannot be cured by subsequent filing. *Boyd v. Money*, 82 Ohio St.3d 388, 389 (1998). "As this court stated in *State ex rel. Cruz v. Sloan*, 11th Dist. Ashtabula No. 2014-A-0032, 2014-Ohio-5180, ¶ 12: 'Without the full scope of relator's commitment papers, it would be impossible for us to fully understand the petition. Due to this defect, the petition must be dismissed.'" *State ex rel. Menton v. Sloan*, 11th Dist. Ashtabula No. 2017-A-0021, 2017-Ohio-7661, ¶12. When a bindover is at issue, the bindover entry must be attached to the petition to satisfy R.C. 2925.04(D). *Goudlock v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787, 894 N.E.2d 682, ¶ 14.

{¶9} Respondent's motion to dismiss is granted and the petition is dismissed.

THOMAS R. WRIGHT, J., MATT LYNCH, J., MARY JANE TRAPP, J., concur.