[Cite as *Robinson v. Fender*, 2022-Ohio-580.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

JACKIE ROBINSON,

        Petitioner,

- v -

DOUGLAS FENDER,
WARDEN,

        Respondent.

CASE NO. 2021-T-0048

Original Action for Writ of Habeas Corpus

**P E R   C U R I A M**
**O P I N I O N**

Decided: February 28, 2022
Judgment: Petition dismissed

*Jackie Robinson*, pro se, PID# A554-458, Mansfield Correctional Institution, P.O. Box 788, Mansfield, OH 44901 (Petitioner).

*Dave Yost*, Ohio Attorney General, and *Jerri L. Fosnaught*, Assistant Attorney General, Criminal Justice Section, 30 East Broad Street, 23rd Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1} Petitioner, Jackie Robinson, filed a petition for a writ of habeas corpus, arguing that he is illegally confined past the expiration of a prison sentence imposed by the Summit County Court of Common Pleas in October 2008. Respondent, Warden Douglas Fender, moved to dismiss or, in the alternative, for summary judgment.

{¶2}    If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or

judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void.

R.C. 2725.03.

{¶3} At the time of filing his petition, Petitioner was incarcerated in the Lake Erie Correctional Institution, located within Ashtabula County, Ohio. In his response to the motion to dismiss, Petitioner admits that he is now incarcerated in the Mansfield Correctional Institution, which is located in Richland County, Ohio. Thus, by his own admission, Robinson is not incarcerated in a county within this court's territorial jurisdiction. Accordingly, we lack jurisdiction to determine a writ of habeas corpus for his production or discharge. *Bridges v. McMackin*, 44 Ohio St.3d 135, 541 N.E.2d 1035 (1989) (R.C. 2725.03 allocates habeas corpus jurisdiction among the courts of appeals on a territorial basis).

{¶4} Respondent's motion to dismiss is granted. Petitioner's petition for a writ of habeas corpus is dismissed for lack of jurisdiction.

THOMAS R. WRIGHT, P.J., CYNTHIA WESTCOTT RICE, J., JOHN J. EKLUND, J., concur.

2

Case No. 2021-T-0048