[Cite as *State ex rel. Robinson v. Chambers-Smith*, 2024-Ohio-2347.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Jackie N. Robinson, | : | |
| Relator, | : | |
| | : | No. 24AP-99 |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Annette Chambers-Smith, Director et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on June 18, 2024

**On brief:** *Jackie N. Robinson*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Marcy Vonderwell*, and *Matthew Convery*, for respondents.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

LUPER SCHUSTER, J.

{¶ 1} Relator, Jackie N. Robinson, initiated this original action seeking a writ of mandamus ordering respondents, Annette Chambers-Smith and the Ohio Bureau of Sentence Computation ("BSC"), to provide certain records, correct allegedly inaccurate information in Robinson's criminal and institutional records, and release him from the custody of the Ohio Department of Rehabilitation and Correction ("ODRC"). Chambers-Smith filed a motion to dismiss and for reasonable attorney fees.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate. The magistrate issued the appended decision, including findings of fact and conclusions of law. The magistrate determined that because Robinson failed to comply with the mandatory requirements of

R.C. 2969.25 at the time of filing his complaint, the action must be dismissed. Thus, the magistrate recommends this court sua sponte dismiss Robinson's request for a writ of mandamus.

{¶ 3} Robinson filed objections to the magistrate's decision. Therefore, we must independently review the decision to ascertain whether the "magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). Robinson does not challenge the magistrate's recitation of the pertinent facts; however, Robinson objects to the magistrate's conclusion that this court must dismiss the action for failure to comply with R.C. 2969.25.

{¶ 4} Through his objections, Robinson does not assert he submitted documents that would be compliant with R.C. 2969.25(A), (C), and (C)(1). Instead, he argues more generally his claim should be allowed to continue despite his non-compliance with R.C. 2969.25. As the magistrate correctly notes, however, strict compliance with the requirements of R.C. 2969.25 is mandatory, and failure to comply with the statute warrants dismissal. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6; *State ex rel. Walker v. Bolin*, 10th Dist. No. 23AP-156, 2024-Ohio-20, ¶ 4 ("[s]ubstantial compliance with the requirements of R.C. 2969.25(C) is not sufficient," and the requirements "must be met at the time of the filing of the complaint"). Further, the reason for the relator's non-compliance is not considered in determining the appropriateness of dismissal for failure to comply with R.C. 2969.25. *Walker* at ¶ 5 (noting neither R.C. 2969.25 nor any case law provides for an exception based on the reason for the non-compliance). It is undisputed Robinson did not comply with the requirements of R.C. 2969.25, and we agree with the magistrate that dismissal of the complaint is appropriate.

{¶ 5} To the extent Robinson attempts to assert, through his objections to the magistrate's decision, new claims pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1985, access to courts, discrimination, and equal protection, we note Robinson did not assert any of these claims in his complaint for a writ of mandamus. A party cannot raise new claims in its objections to the magistrate's decision when those claims were not present in the complaint. *State ex rel. Durbin v. Indus. Comm.*, 10th Dist. No. 10AP-712, 2012-Ohio-664, ¶ 10.

{¶ 6} Following our independent review of the record, pursuant to Civ.R. 53, we find the magistrate has properly discerned the relevant facts and appropriately applied the law. We therefore overrule Robinson's objections to the magistrate's decision and adopt that decision as our own, including findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we sua sponte dismiss Robinson's petition for a writ of mandamus, and we find Chambers-Smith's motion to dismiss and motion for attorney fees are moot.

*Objections overruled*;
*motions moot*;
*case dismissed.*

MENTEL, P.J., and JAMISON, J., concur.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Jackie N. Robinson, | : | |
| Relator, | : | |
| | | No.  24AP-99 |
| v. | : | |
| Annette Chambers-Smith, Director et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 8, 2024

---

*Jackie N. Robinson*, pro se.

*Dave Yost*, Attorney General, *Marcy Vonderwell*, and *Matthew Convery*, for respondents.

---

IN MANDAMUS
ON SUA SPONTE DISMISSAL

**{¶ 7}**   Relator Jackie N. Robinson seeks a writ of mandamus ordering respondents Annette Chambers-Smith and the Ohio Bureau of Sentence Computation ("BSC") to provide various records, correct allegedly inaccurate information in relator's criminal and institutional records, and release him from custody.

**I. Findings of Fact**

**{¶ 8}**   1. At the time of the filing of this action, relator was an inmate incarcerated at the Grafton Correctional Institution ("GCI") in Grafton, Ohio.

{¶ 9}  2. Respondent Chambers-Smith, as the director of Ohio Department of Rehabilitation and Correction ("ODRC"),[1] is a government employee. The Ohio Adult Parole Authority ("APA") is a bureau-level administrative section of the Division of Parole and Community Services, which in turn is a division of ODRC. *See* R.C. 5120.01; R.C. 5149.02.

{¶ 10}  3. Respondent BSC, as a bureau-level administrative section of the Division of Legal Services of ODRC, is a government entity.

{¶ 11}  4. Relator commenced this mandamus action by the filing of his complaint on February 8, 2024.

{¶ 12}  5. In his complaint, relator alleges he was sentenced in 1979 to a 40-year term of imprisonment which, according to relator, expired in 2019. Relator contends that respondents have erroneously withheld 1,960 days of credit toward his sentence. According to relator, respondents base their denial of this jail-time credit on the fact that relator was not in respondents' custody while serving time in federal custody from March 31, 1988 until August 12, 1993. Relator alleges he was in respondents' custody as of August 1987 related to violations of his parole. Relator states he was held in the Stark County Jail pending disposition of other charges against him and was available for return to the custody of APA within the meaning of R.C. 2967.15. Relator asserts respondents have no authority to interpret or alter the clear and unambiguous statements contained in a court judgment.

{¶ 13}  Relator requests respondents be compelled to perform a number of different actions. Relator seeks the production of a number of records from respondents, including a copy of his arrest record from August 1987, and various other documents arising from such arrest including a revocation order, a hearing summary report, a sanction receipt, a screening form, and a decision sheet. Relator seeks an order compelling respondents to produce the admission date for "case no. CR-793319." (Compl. at 4.) Relator also requests that respondents be ordered to "correct inaccurate information in [relator's] criminal and

---

[1] Relator's complaint lists respondent as the director of the Ohio Adult Parole Authority. The magistrate takes judicial notice of the fact that respondent Chambers-Smith is the director of ODRC. Evid.R. 201(B). *See State ex rel. Mobley v. O'Donnell*, 10th Dist. No. 20AP-193, 2021-Ohio-715, ¶ 9; *Pearson v. Columbus*, 10th Dist. No. 14AP-313, 2014-Ohio-5563, ¶ 17, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 10.

institutional records which determine the expiration date of the case no. CR-793319, and to release him from custody pursuant to R.C. 2967.15(B)." (Emphasis omitted.) (Compl. at 1.)

{¶ 14} 6. With his complaint, relator filed a document captioned "affidavit of indigency and waiver of filing fee's pursuant to Ohio R.C. 2969.(C)." (Sic passim.) This document does not bear the name, signature, or stamp of a notary public. Attached to this document was a "cashier's statement" form that appears to bear the name and signature of the cashier at GCI.

{¶ 15} 7. On March 4, 2024, respondent Chambers-Smith filed a motion to dismiss pursuant to Civ.R. 12(B)(6) and request for reasonable attorney fees pursuant to R.C. 2323.51.

## II. Discussion and Conclusions of Law

{¶ 16} Relator seeks a writ of mandamus ordering respondents to provide him with certain documents, to correct certain records, and to release him from incarceration.[2] Relator's complaint is deficient in multiple respects under R.C. 2969.25 and, as a result, must be dismissed.

{¶ 17} R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley*, 170 Ohio St.3d 86, 2022-Ohio-3168, ¶ 10; *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. These procedural requirements include an affidavit of prior civil actions under R.C. 2969.25(A) and an affidavit of waiver and affidavit of indigency under R.C. 2969.25(C). Compliance with the inmate filing requirements of R.C. 2969.25 is mandatory, and failure to comply compels dismissal. *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, ¶ 1.

{¶ 18} With regard to the affidavit of prior civil actions, R.C. 2969.25(A) provides that an inmate commencing a civil action in the court of appeals must file an affidavit

---

[2] It is noted that "[h]abeas corpus, rather than mandamus, is the appropriate action for persons claiming entitlement to immediate release from prison." *State ex rel. Johnson v. Ohio Parole Bd.*, 80 Ohio St.3d 140, 141 (1997). *See also State ex rel. Norris v. Wainwright*, 158 Ohio St.3d 20, 2019-Ohio-4138, ¶ 9 ("If a petitioner claims he is entitled to an earlier release date but not to immediate release from prison, he does not state a cognizable claim in habeas corpus."). As relator's complaint must be dismissed on other grounds, it is not necessary to further discuss this point.

containing a "description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." To comply with R.C. 2969.25(A), the filed affidavit must include all of the following:

> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A). *See Swanson* at ¶ 5. R.C. 2969.21 provides definitions applicable to R.C. 2969.25. A "civil action or appeal against a government entity or employee" is defined as including any of the following:

> (a) A civil action that an inmate commences against the state, a political subdivision, or an employee of the state or a political subdivision in a court of common pleas, court of appeals, county court, or municipal court;
>
> (b) An appeal of the judgment or order in a civil action of the type described in division (B)(1)(a) of this section that an inmate files in a court of appeals.

R.C. 2969.21(B)(1). However, a "civil action or appeal against a government entity or employee" does not include "any civil action that an inmate commences against the state, a political subdivision, or an employee of the state or a political subdivision in the court of claims or the supreme court or an appeal of the judgment or order entered by the court of claims in a civil action of that nature, that an inmate files in a court of appeals or the supreme court." R.C. 2969.21(B)(2). Importantly, inmates who have not filed a civil action or appeal of a civil action against a government entity or employee in the previous five years need not file the affidavit of prior civil actions required by R.C. 2969.25(A). *State ex rel. Wickensimer v. Bartleson*, 123 Ohio St.3d 154, 2009-Ohio-4695, ¶ 3.

{¶ 19} With regard to the requirements for an affidavit of indigency, R.C. 2969.25(C) provides as follows:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

R.C. 2969.25(C). The term "inmate account" is defined as "an account maintained by the department of rehabilitation and correction under rules adopted by the director of rehabilitation and correction pursuant to section 5120.01 of the Revised Code or a similar account maintained by a sheriff or any other administrator of a jail or workhouse or by the administrator of a violation sanction center." R.C. 2969.21(E).

{¶ 20} Substantial compliance with the inmate filing requirements of R.C. 2969.25 is not sufficient. *State ex rel. McGlown v. Mohr*, 10th Dist. No. 14AP-478, 2015-Ohio-1554, ¶ 9, citing *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4; *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Nor can a deficiency in compliance with the statutory requirements present at the time of the filing of the complaint or petition be cured at a later date. *State ex rel. Swopes v. McCormick*, 171 Ohio St.3d. 492, 2022-Ohio-4408, ¶ 14 (stating that "*all* avenues for curing a failure to comply with R.C. 2969.25" were "expressly foreclosed") (Emphasis sic.)); *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9 (stating that failure to comply with the mandatory requirements of R.C. 2969.25 "is not curable by subsequent amendment" and that a "belated attempt to file an affidavit that complies with R.C. 2969.25 does not excuse the noncompliance"); *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9; *Boles* at ¶ 2. Furthermore, the Supreme Court of Ohio has held that a court does not err by sua sponte dismissing an original action for failure to comply with the inmate filing

requirements in R.C. 2969.25. *State ex rel. Bey v. Bur. of Sentence Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, ¶ 19; *State ex rel. Watkins v. Andrews*, 142 Ohio St.3d 308, 2015-Ohio-1100, ¶ 8; *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 5.

{¶ 21} First, relator has failed to comply with the requirement under R.C. 2969.25(A) to file an affidavit of prior civil actions. It is readily apparent that relator has filed multiple actions in mandamus and habeas in Ohio courts of appeals within the previous five years.[3] *See Robinson v. Fender*, 11th Dist. No. 2019-A-0084, 2020-Ohio-983 (habeas corpus action); *Robinson v. Fender*, 11th Dist. No. 2021-T-0048, 2022-Ohio-580, ¶ 4 (habeas corpus action). *See also Robinson v. Fender*, 11th Dist. No. 2019-CA-0039 (habeas corpus action). Original actions in mandamus and habeas are civil actions for purposes of R.C. 2969.21 et seq. *See Fuqua* at paragraph one of the syllabus ("A habeas corpus action is a civil action and therefore the provisions of R.C. 2969.21 through 2969.27 are applicable to such action."); *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, ¶ 3 (stating that a "mandamus case is a civil case for purposes of R.C. 2969.21(B)(1)(a), which addresses inmate actions against government entities"). Relator cannot be said to be unaware of the requirements of R.C. 2969.25 because at least one of the cases he filed in the previous five years was dismissed for failing to comply with the requirement to file a proper affidavit of prior civil actions under R.C. 2969.25(A). In this case, relator did not file an affidavit of prior civil actions in full compliance with R.C. 2969.25(A). As a result, this action must be dismissed. *See Bey*, 2022-Ohio-236, ¶ 19.

{¶ 22} Second, relator's complaint is also subject to dismissal for failure to comply with R.C. 2969.25(C). Relator filed with his petition a document captioned "affidavit of indigency and waiver of filing fee's pursuant to Ohio R.C. 2969.(C)." (Sic passim.) Although it is stated on the document that it was "[s]worn to and subscribed before a notary public," there is no indication on the document that a notary was ever involved. There is no name, stamp, or signature of a notary. Thus, this document is not an affidavit.

---

[3] A court may take judicial notice of the pleadings and orders in related cases where these are not subject to reasonable dispute insofar as they affect the current original action. Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. As the dockets for these cases are publicly available, not subject to reasonable dispute, and relevant to the present action, the magistrate takes judicial notice of these civil actions filed by relator within the previous five years.

*See* R.C. 2319.02 ("An affidavit is a written declaration under oath"); S*tate ex rel. White v. Franklin Cty. Bd. of Elections*, 160 Ohio St.3d 1, 2020-Ohio-524, ¶ 13, quoting *In re Disqualification of Pokorny*, 74 Ohio St.3d 1238 (1992) (" 'An affidavit must appear, on its face, to have been taken before the proper officer and in compliance with all legal requisites. A paper purporting to be an affidavit, but not to have been sworn to before an officer, is not an affidavit.' "). This court has previously dismissed a mandamus complaint sua sponte for failing to comply with R.C. 2969.25 because, in part, the affidavit was not notarized. *State ex rel. Guthrie v. Chambers-Smith*, 10th Dist. No. 21AP-476, 2022-Ohio-390, ¶ 4.

{¶ 23} Moreover, relator's documentation fails to satisfy R.C. 2969.25(C)(1). The cashier's statement supplied by relator provides some information including the total amount of payroll credited to relator's account for the preceding six months, average monthly payroll amount for the preceding six months, total amount credited to relator's account from all other sources during the preceding six months, and total expenditures for all transactions from the inmate's account for the preceding six months. However, relator's affidavit fails to contain a statement certified by the institutional cashier that sets forth the balance in relator's inmate account for *each* of the preceding six months as required by R.C. 2969.25(C)(1). *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 9 (finding that although the inmate's affidavit of indigency contained information including "a cashier's statement listing the balance in his inmate account * * *, the total amount he had earned through state pay for the preceding six months, and the total amount he had spent in his commissary during the same period," his complaint was correctly dismissed pursuant to R.C. 2969.25(C)(1) because his "affidavit of indigency [did] not include a statement setting forth the balance in his inmate account for *each* of the preceding six months" (Emphasis sic.)) *See State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 20AP-151, 2021-Ohio-338, ¶ 7; *State ex rel. Sands v. Lake Cty. Common Pleas Court*, 172 Ohio St.3d 146, 2023-Ohio-2599, ¶ 8; *Greene v. Turner*, 151 Ohio St.3d 513, 2017-Ohio-8305, ¶ 6.

{¶ 24} Because relator has failed to fully comply with the mandatory requirements of R.C. 2969.25 at the time of the filing of his complaint, this action must be dismissed. *See State ex rel. Armengau v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 15AP-1070,

2017-Ohio-368, ¶ 13; *Sands* at ¶ 11; *Roden* at ¶ 9; *State ex rel. Swain v. Ohio Adult Parole Auth.*, 10th Dist. No. 16AP-519, 2017-Ohio-517, ¶ 5. Although relator's action must be dismissed for failing to comply with R.C. 2969.25, it is noted that "a dismissal for failure to meet the requirements of R.C. 2969.25 is *not* a dismissal on the merits." (Emphasis added.) *Watkins*, 2015-Ohio-1100, at ¶ 8, citing *Hall*, 2014-Ohio-3735, at ¶ 5.

{¶ 25} Accordingly, it is the decision and recommendation of the magistrate that relator's request for a writ of mandamus should be dismissed sua sponte. Respondent Chambers-Smith's March 4, 2024 motion to dismiss and request for reasonable attorney fees is rendered moot.[4]

/S/ MAGISTRATE
JOSEPH E. WENGER IV


**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.

---

[4] Insofar as respondent Chambers-Smith's request for attorney fees pursuant to R.C. 2323.51 is not rendered moot by the sua sponte dismissal of this action, the magistrate recommends denying the request for attorney fees.